STATE OF NORTH CAROLINA v. SONNY LEE TREADWAY

No. 7528SC327

(Filed 17 September 1975)

1. **Forgery § 2— indictment — instrument capable of effecting fraud**

    Bill of indictment for forgery sufficiently alleged that the instrument was apparently capable of effecting a fraud where the instrument alleged in the indictment to have been forged was a check drawn on the purported maker's bank account since upon its face it was apparently capable of effecting a fraud if it were forged.

2. **Forgery § 2— forgery and uttering — distinct offenses — instructions as to guilt — harmless error**

    In a prosecution for forgery and uttering, the court's instruction that if the jury found defendant not guilty of forgery it would not consider the charge of uttering, while disapproved since the offense of uttering is distinct from that of forgery, was not prejudicial to defendant but placed a heavier burden upon the State than was required.

APPEAL by defendant from *Snepp, Judge.* Judgment entered 29 January 1975 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 25 August 1975.

Defendant was charged in a bill of indictment with (1) the felony of forging a check, and (2) the felony of uttering a forged check.

The State's evidence tended to show that a forged check was given for the purchase of a coat; that defendant confessed to the investigating officer that he forged the maker's name to the check; and that he used the check to purchase the coat. Defendant offered no evidence.

The jury found defendant guilty of both counts, and a judgment of imprisonment was entered. Defendant appealed.

*Attorney General Edmisten, by T. Lawrence Pollard, Associate Attorney, for the State.*

*Gray, Kimel & Connolly, by David G. Gray, Jr., for the defendant.*

BROCK, Chief Judge.

[1] Defendant argues that the count in the bill of indictment which alleges the forgery is fatally defective because it "fails to recite in explicit language that the instrument was apparently capable of effecting a fraud." This argument is wholly without merit.

The instrument alleged to have been forged in this indictment was a check drawn on the account of one Howard M. Gorham in the Northwestern Bank, Asheville, North Carolina. This is the type instrument used in daily transactions for the purchase and sale of merchandise. Upon its face it was apparently capable of effecting a fraud if it were forged. The allegations which are necessary in a bill of indictment charging forgery were clearly stated many years ago as follows: "The false instrument must be such as does, or may, tend to prejudice the right of another, and such tendency must be apparent to the Court, *either from the face of the writing itself,* or from it, accompanied by the averment of extraneous facts, that show the tendency to injure. *If the forged writing itself shows such tendency, then it will be sufficient to set it forth in the indictment,* alleging the false and fraudulent intent; but where such

tendency does not so appear, the extraneous facts, necessary to make it apparent, must be averred. This is essential, so as to enable the Court to see in the record, that the indictment charges a complete offense." (Emphasis added.) *State v. Weaver,* 94 N.C. 836, 838 (1886). *See also State v. Moffitt,* 11 N.C. App. 337, 181 S.E. 2d 184 (1971), appeal dismissed, 279 N.C. 396.

[2] Defendant argues that he was prejudiced by the court's instruction to the jury to the effect that if it found defendant not guilty of forgery, it would not consider the charge of uttering. While we do not approve this type of instruction, we conclude that it was not prejudicial to defendant.

"G.S. 14-119 prohibits the forgery of bank notes, checks and other securities. G.S. 14-120 also prohibits the uttering of forged paper or instruments containing a forged endorsement. In this State, by virtue of G.S. 14-120, uttering is an offense distinct from that of forgery which is defined in G.S. 14-119." *State v. Greenlee,* 272 N.C. 651, 159 S.E. 2d 22 (1968). Therefore, the conviction of a charge of forgery is not a prerequisite to a conviction of a charge of uttering. However, the instruction given by the trial judge placed a heavier burden upon the State than it should be required to carry. If the instruction be considered error, it was error prejudicial to the State.

As stated above, we do not approve such an instruction because it is a misstatement of the law. But in deference to the able trial judge, we note that the evidence tended to show that only the defendant committed the forgery and the uttering. If the jury did not find defendant forged the check, there would be no forged check for defendant to utter. We think this peculiar circumstance led to the instruction complained of.

We have examined defendant's remaining assignments of error and find them to be without merit.

No error.

Judges PARKER and ARNOLD concur.