STATE OF NORTH CAROLINA v. RUDOLPH VALENTINO MARTIN

No. 7626SC150

(Filed 18 August 1976)

1. **Forgery § 2— signatures written without authority — insufficiency of evidence**

   The trial court should have allowed defendant's motion for nonsuit as to the charge of forgery against him where the State failed to present any evidence to show that the signatures which defendant was charged with forging were signed by him without authority.

2. **Insurance § 77— auto allegedly stolen — false claim presented — sufficiency of evidence**

   Defendant's motion for nonsuit on a charge of presenting a false insurance claim was properly overruled where the evidence would support a jury finding that an automobile on which defendant obtained an insurance policy and for loss of which he presented a claim under the policy had been destroyed by fire several months before the policy was issued and was not in existence on the date defendant reported it was stolen from him.

3. **Insurance § 77— false claim presented to insurance company — jury instructions inadequate**

   In a prosecution of defendant for presenting a false insurance claim, the trial court erred in failing to instruct the jury in sufficiently specific terms what facts, if found by them from the evidence given in the case, would warrant a verdict finding defendant guilty of the offense set forth in the indictment.

APPEAL by defendant from *Kirby, Judge.* Judgments entered 3 December 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 26 May 1976.

By bill of indictment returned as a true bill on 3 February 1975, defendant was charged with feloniously forging a bill of

sale dated 10 July 1974 for a Cadillac automobile "by forging the name of Claude E. Rogers, a notary, and the name of Jack M. Jones . . . without authority and with deceit and the intent to injure and defraud."

By a separate bill of indictment returned as a true bill on 1 December 1975, defendant was charged with feloniously presenting a false and fraudulent claim and proof in support of such claim for payment of benefits under an insurance policy by reporting the Cadillac automobile No. 6L47S4Q406460 as having been stolen on 21 October 1974.

Defendant pled not guilty to both charges. The cases were consolidated for trial. The State presented evidence to show that on 8 October 1974 defendant obtained a policy of insurance covering a 1974 Cadillac automobile, serial No. 6L47S4Q406460, providing coverage for the period from 17 September 1974 to 16 September 1975; that on 7 November 1974 defendant reported to the claims agent for the insurance company that the Cadillac had been stolen on 21 October 1974; and that later in November 1974 defendant filed a proof of loss together with a bill of sale dated 10 July 1974 purporting to show transfer of title to the Cadillac to the defendant for the sales price of $9,850.00. Two employees of the South Carolina Highway Department testified that on 26 February 1974 they examined a Cadillac bearing serial number 6L47S4Q406460 on the premises of the Insurance Salvage Sales Company in Taylors, South Carolina, and that the car had been "totally burned." Other evidence for the State indicated that the burned Cadillac was subsequently junked.

Claude Rogers, called as a witness for the State, testified he was a notary public for the State of South Carolina, and the signature "Notary, Claude R. Rogers" at the bottom of the bill of sale was not his signature. On cross-examination he testified that he had known defendant for 20 to 25 years and at one time had been in business with the defendant, and that in late 1974 defendant phoned him from Myrtle Beach and said he needed to replace a bill of sale that had been lost. Rogers testified: "He called me in late 1974 from Myrtle Beach relative to this bill of sale, and I gave him authority to sign my name."

Defendant testified that he purchased the burned Cadillac and later rebuilt it, that on 21 October 1974 the rebuilt car

was stolen from him, that the original bill of sale was in the dash of the car when it was stolen, that in November 1974 he prepared a duplicate of the bill of sale because the insurance company told him to get one before they would process the claim, and that he signed the names of Jones and Rogers on the bill of sale after obtaining authority from those persons to do so.

The jury found defendant guilty of both charges, and from judgments imposing prison sentences, he appealed.

*Attorney General Edmisten by Associate Attorney Joan H. Byers for the State.*

*Kenneth W. Parsons for defendant appellant.*

PARKER, Judge.

[1]   In the indictment returned as a true bill on 3 February 1975, defendant was charged with forging a bill of sale "by forging the name of Claude R. Rogers, a notary, and the name of Jack M. Jones." Defendant admitted that he signed the names of both of these persons to the bill of sale, but testified he did so by their authority. "To show that the defendant signed the name of some other person to an instrument, and that he passed such instrument as genuine, is not sufficient to establish the commission of a crime. It must still be shown that it was a false instrument, and this is not established until it is shown that the person who signed another's name did so without authority." *State v. Dixon,* 185 N.C. 727, 731, 117 S.E. 170, 172 (1923). Here, the State presented no evidence regarding the identity of or want of authority from Jones. "Where defendant signs the name of another person to an instrument, there is no presumption of want of authority." *State v. Phillips,* 256 N.C. 445, 448, 124 S.E. 2d 146, 148 (1962). Rogers, called as a witness for the State, testified that he expressly authorized defendant to sign his name to the bill of sale. There was no evidence to the contrary. For failure of the State to present any evidence to show that the signatures which defendant was charged with forging were signed by him without authority, the defendant's motion for nonsuit as to the charge of forgery should have been allowed.

[2]   As to the other case, in which defendant was charged with violating G.S. 14-214 by presenting a false and fraudulent

insurance claim by reporting the Cadillac as having been stolen on 21 October 1974, there was sufficient evidence to require submission of the case to the jury. The evidence, when viewed in the light most favorable to the State, would support a jury finding that the automobile, on which defendant obtained the insurance policy and for loss of which he presented a claim under the policy, had been destroyed by fire several months before the policy was issued and was not in existence on the date defendant reported it was stolen from him. Such a finding by the jury would, of course, compel the further finding that defendant was guilty of the exact offense charged in the bill of indictment, i.e., the presenting of a false and fraudulent claim for the payment of a loss and other benefits upon the contract of insurance *"by reporting a 1974 Cadillac Eldorado, two door hardtop, Vehicle Identification Number 6L47S4Q406460 as being stolen on October 21, 1974."* (Emphasis added.) Defendant's testimony that he rebuilt the car and that it was in actual existence on the date he reported it to have been stolen, was for the jury to evaluate. Defendant's motion for nonsuit on the charge of presenting a false insurance claim was properly overruled.

[3] However, for failure of the court to "declare and explain the law arising on the evidence given in the case," as required by G.S. 1-180, defendant is entitled to a new trial in the case in which he was charged with presenting a false insurance claim. In this connection, the court did instruct the jury correctly, but in general terms, concerning the elements of the offense. However, the court failed to instruct the jury in sufficiently specific terms what facts, if found by them from the evidence given in the case, would warrant a verdict finding defendant guilty *of the offense set forth in the indictment.* This was important in this case, since, under the charge as given by the court, the jury might have found defendant guilty of making a false and fraudulent claim on the insurance policy, not by falsely reporting the Cadillac automobile as being stolen, but by presenting a false bill of sale to show his ownership of the Cadillac. The bill of indictment set forth in specific terms the manner in which defendant allegedly committed the offense, and it was incumbent on the State to prove the charge as contained in the indictment. As above noted, the State's evidence was sufficient for that purpose. However, under the court's charge to the jury it would have been possible for the jury to

return a verdict of guilty, not because it found that defendant had presented a fraudulent claim by falsely reporting the car as being stolen, which is the offense charged in the indictments, but because it found that defendant presented to the insurance company a false bill of sale.

The result is:

In the case in which defendant was charged with forgery, there was error in failing to grant his motion for nonsuit, and the judgment imposed in that case is vacated.

In the case in which defendant is charged with presenting a false insurance claim, defendant is entitled to a

New trial.

Judges HEDRICK and ARNOLD concur.