STATE OF NORTH CAROLINA v. RONALD BEAN

No. 7817SC111

(Filed 20 June 1978)

**Forgery § 2.2— showing of false signature—insufficient evidence**

The State's evidence was insufficient for the jury in a prosecution for forgery and uttering where it failed to show that the purported maker of the check in question was a fictitious person or that the maker's signature was placed on the check without authority.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 27 October 1977 in Superior Court, SURRY County. Heard in the Court of Appeals 30 May 1978.

The defendant was charged in a proper bill of indictment with forgery and uttering a forged check in the amount of $650.00 drawn on one Benton Thompson.

Upon his plea of not guilty, the jury found defendant guilty on both counts, which were consolidated for the purpose of sentencing.

The State's evidence tended to show that: on 10 November 1976, Joyce Hooker, Randy Ryan, and defendant were sitting together in the car of Linda Monday; Joyce Hooker received a blank form check from defendant and filled it out by putting the date on it, the name of the payee (Randy L. Ryan), and the amount; the signature of Benton Thompson was already on it when Joyce Hooker received the blank check; however, she did write the name of Randy L. Ryan on the back of the check as his endorsement. The record reveals:

"Ronald told me (Joyce Hooker) that he got the check when he went to the bank on 601 and he had picked it up earlier that day. He was referring to Northwestern Bank . . . in Mount Airy."

Q. "And in fact you did not see anybody write that name Benton L. Thompson on that check did you?"

Ms. Hooker: "No, sir."

The three (defendant, Randy Ryan, and Joyce Hooker) all needed money. The proceeds of the check were supposed to be

divided among the three. Ryan went to the Northwestern Bank at the Mayberry Mall to get the check cashed, but failed. The three went to the Northwestern Bank on Highway 601 to try to get the check cashed. While standing in the second bank, Ryan was arrested; defendant and Joyce Hooker were waiting in the car.

Defendant did not choose to offer any evidence.

From judgment sentencing him to a term of two years with the Department of Correction, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Acie L. Ward, for the State.*

*Stephen G. Royster, for defendant appellant.*

ERWIN, Judge.

Defendant assigns as error the trial court's denial of his motion for judgment of nonsuit made at the close of the State's evidence and renewed after the defendant announced that he would offer no evidence. We agree with defendant that the motion should have been allowed.

Upon motion for judgment of nonsuit, the evidence must be considered in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom. *State v. Hunter*, 290 N.C. 556, 227 S.E. 2d 535 (1976), *cert. denied*, 429 U.S. 1093, 51 L.Ed. 2d 539, 97 S.Ct. 1106 (1977); *State v. Covington*, 290 N.C. 313, 226 S.E. 2d 629 (1976); 4 Strong, N.C. Index 3d, Criminal Law, § 106, p. 547.

Justice Moore, speaking for the Supreme Court in *State v. Phillips*, 256 N.C. 445, 447-448, 124 S.E. 2d 146, 148 (1962), stated:

"Three elements are necessary to constitute the offense of forgery: (1) There must be a false making or alteration of some instrument in writing; (2) there must be a fraudulent intent; and (3) the instrument must be apparently capable of effecting a fraud. *State v. Dixon*, 185 N.C. 727, 117 S.E. 170.

The State's evidence is sufficient to justify the inference that defendant aided and abetted Jarrett in the execution of the purported check. The check is sufficient in form to constitute a negotiable instrument payable 'to order.' G.S. 25-14.

But the State offered no evidence tending to show the falsity of the instrument, *i.e.*, that it was executed without authority.

> If the name signed to a negotiable instrument, or other instrument requiring a signature, is fictitious, of necessity, the name must have been affixed by one without authority, and if a person signs a fictitious name to such instrument with the purpose and intent to defraud — the instrument being sufficient in form to import legal liability — an indictable forgery is committed. However, if the purported maker is a real person and actually exists, the State is required to show not only that the signature in question is not genuine, but was made by defendant without authority. 'To show that the defendant signed the name of some other person to an instrument, and that he passed such instrument as genuine, is not sufficient to establish the commission of a crime. It must still be shown that it was a false instrument, and this is not established until it is shown that a person who signed another's name did so without authority.' *State v. Dixon, supra*."

*See also State v. Martin*, 30 N.C. App. 512, 227 S.E. 2d 172 (1976).

In the case *sub judice*, the State offered no evidence to show that Benton Thompson, the purported maker of the check in question, was a fictitious person. There was no evidence from an officer or employee of Northwestern Bank that Benton Thompson was known or unknown at the bank. The signature of Benton Thompson was "already on there" when Joyce Hooker received the check from defendant. None of the State's witnesses testified that they knew who signed the maker's name to the check, and the defendant did not offer any evidence. Benton Thompson, if such a person indeed existed, did not testify.

Officer Sellars read to the jury a statement made by Joyce Hooker after she had been given her *Miranda* warning. In part, the statement was as follows:

> "Ronald told me that Linda had written Benton Thompson's name to the front of the check and later that day Linda told me herself that she had forged Benton Thompson's name on the check."

This, the State contends, was sufficient to show the falsity of the check and to submit the case to the jury. We do not agree. The trial court clearly instructed the jury that ". . . this is for the purpose of corroborating the testimony of Joyce Hooker, if you find that it does corroborate her testimony and for that purpose only." After defendant objected to and moved to strike the above portion of the statement, the trial court stated: "The instructions take care of that. Go ahead." Joyce Hooker's sworn testimony was that she had not seen anyone sign Thompson's name on the check and that the signature was on the check when she received it. In light of the judge's instruction, we feel the quoted portion of her statement was before the jury, if at all, only for corroborative purposes, although it does not appear even to serve that limited function.

Defendant's motion for judgment of nonsuit should have been allowed as to both counts. While under our statutes uttering is clearly a distinct offense from forgery, *State v. Greenlee*, 272 N.C. 651, 159 S.E. 2d 22 (1968), *State v. Treadway*, 27 N.C. App. 78, 217 S.E. 2d 743 (1975), the uttering must still be of a forged instrument. Therefore, the State's failure to meet its burden under *Phillips, supra*, of showing that the check in question was a false instrument is fatal as to both the forgery charge and the uttering charge.

Reversed on both counts.

Judges BRITT and ARNOLD concur.