STATE OF NORTH CAROLINA v. FLOYD LUTHER ROBERTS

No. 8010SC845

(Filed 17 March 1981)

1. **Criminal Law § 32.2; Forgery § 2– attempt to obtain money by forged check – presumption that defendant forged check**

   In a prosecution for forging and uttering forged checks, the trial court's instruction that when a person in possession of a forged check attempts to obtain money or advances upon it, a presumption is raised that the defendant either forged or consented to the forging of such check and, nothing appearing, the defendant would be presumed guilty of forgery described a mere permissive inference which did not violate due process since (1) there is a rational connection between the basic and elemental facts such that upon proof of the basic facts (possession of a forged check and attempting to obtain money from it), the elemental facts (either forged or consented to forging of such check) are more likely to exist, and (2) there is other evidence in the case which, taken together with the inference, is sufficient for a jury to find the elemental facts beyond a reasonable doubt.

2. **Forgery § 2– defendant's signature on check – refusal to instruct on presumption of authority**

   In a prosecution for forgery and uttering forged checks, the trial court did not err in refusing to charge that when a defendant signs the name of another to an instrument it is presumed he did so with authority where defendant offered no evidence that he signed the checks with authority but testified that he had never seen the checks.

APPEAL by defendant from *Braswell, Judge*. Judgment entered 11 June 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 15 January 1981.

Defendant was found guilty as charged in two indictments of both forging and uttering (1) on 25 October 1979 a check in the sum of $80.00 drawn on North Carolina National Bank at Chapel Hill purportedly signed by Tony Farmer, and (2) on 1 November 1979 a check in the sum of $65.00 drawn on the same bank by the same drawer. The cases and counts were consolidated for judgment. The defendant appeals from the judgment imposing a prison term of not less than 5 nor more than 10 years.

*STATE'S EVIDENCE*

Cheryl Newton, a teller for North Carolina National Bank, Cameron Village Branch, cashed the two checks payable to "Cash" described in the indictments for defendant. Tony Farm-

er lost his checks at the Royal Villa on 23 October 1979. He did not authorize anyone to sign his name to the two checks.

Defendant was employed as a desk clerk in October 1979. A check in the sum of $300.00 drawn on N.C.N.B., purportedly signed by Tony Farmer, payable to "Royal Villa," and dated 27 October 1979, was returned unpaid to the Royal Villa. Pursuant to the check cashing policy of the Villa, the back of the check was stamped and partially filled in with "Room 109" and the initials "F.R." Defendant was the only desk clerk at that time with those initials. Room 109 was not occupied on that date. The check was deposited with other checks on 26 October 1979.

On 3 January 1980 defendant made a split deposit of a $265.73 check, taking $200.00 in cash and depositing the balance of $65.73. The check was a printed Roberts Company and Associates check purportedly signed by Patricia Nesbitt, payable to Willie Jones, and drawn on N.C.N.B. Defendant made the deposit in the name of Willie Jones and received $200.00 in cash.

## DEFENDANT'S EVIDENCE

Defendant testified that he usually cashed his Royal Villa payroll checks at N.C.N.B. in Cameron Village. He had not previously seen the two checks in question and had never seen any blank checks on which the name of Tony Farmer was printed. He had never been in the Durham branch of N.C.N.B. He did not remember cashing a $300.00 check at the Villa for Tony Farmer.

*Attorney General Edmisten by Assistant Attorney General Elisha H. Bunting, Jr. for the State.*

*Emanuel and Thompson by W. Hugh Thompson for defendant appellant.*

CLARK, Judge.

[1] The defendant argues that the trial court erred in charging as follows:

"I instruct you that it is the law that when a person is found in the possession of a forged check and he is endeavoring to obtain money or advances upon it, this raises a presumption that the defendant either forged or con-

State v. Roberts

sented to the forging of such check, and nothing appearing, the person would be presumed to be guilty of forgery."

Defendant relies on *State v. White*, 300 N.C. 494, 268 S.E. 2d 481 (1980), contending that the presumption as charged was mandatory and violated due process in shifting the burden of persuasion to the defendant. We find defendant's reliance on *White* is misplaced. *White* involved the mandatory presumption that the defendant-husband was the father upon proof that the child was born during the marriage of her mother and defendant, unless there was some evidence that defendant could not have had access to the mother during a reasonable period of gestation. The court approved the trial court's instructions on this mandatory presumption and held that it did not violate due process by shifting the burden of persuasion to the defendant.

In the case before us it is apparent that the instruction describes a permissive inference, and that due process was not violated because (1) there is a rational connection between the basic and elemental facts such that upon proof of the basic facts (possession of a forged check and endeavoring to obtain money from it), the elemental facts (either forged or consented to forging of such check) are more likely to exist; and (2) there is other evidence in the case which, taken together with the inference of presumption, is sufficient for a jury to find the elemental facts beyond a reasonable doubt. The elemental fact was not conclusively prejudged and the burden to disprove the existence of the elemental fact was not actually shifted to the defendant.

Before giving the questioned instruction the trial court instructed as to the State's and defendant's evidence. The presumption instruction ended with the words "and nothing appearing, the person would be presumed to be guilty of forgery." The trial court then charged that the State must prove each of the elements of the offense beyond a reasonable doubt. The State offered substantial direct evidence of the basic facts and additional evidence connecting defendant with the lost checks, evidence unquestionably sufficient to support the jury verdict. Finally, we do not think the challenged presumption either places an unfair burden on the defendant or otherwise results in substantive injustice. This assignment of error is overruled.

[2] The trial court did not err in refusing to charge, as requested by the defendant, that when a defendant signs the name of another to an instrument it is presumed he did so with authority. In *State v. McAllister*, 287 N.C. 178, 214 S.E. 2d 75 (1975), it was held that such instruction was not appropriate where defendant offered no evidence that he signed the checks with authority but testified that he did not sign the checks. In the case *sub judice*, the defendant did not offer evidence that he signed the checks but testified that he had never seen the checks.

We have carefully considered the defendant's other assignments of error and the arguments in his brief, relating to evidentiary matters, in light of the rule that a new trial will be granted only if the error is prejudicial or harmful. *State v. Stanfield*, 292 N.C. 357, 233 S.E. 2d 574 (1977); *State v. Cottingham*, 30 N.C. App. 67, 226 S.E. 2d 387 (1976). A defendant is prejudiced when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial. G.S. 15A-1443(a). The record on appeal reveals that the State's evidence of defendant's guilt is substantial.

No error.

Judges HEDRICK and MARTIN (Robert M.) concur.