STATE OF NORTH CAROLINA v. WILLIAM THOMAS SHIPMAN

No. 8512SC23

(Filed 5 November 1985)

1. Forgery § 2.2— forged endorsement of check—fictitious name—proof of lack of authority not needed

   The evidence that defendant had forged an endorsement on a check was sufficient without proof that the payee's signature was unauthorized where the

only indication that the payee, Tommy Jones, was an actual person was a self-serving statement defendant made to an officer; defendant neither testified nor presented evidence; defendant falsely told the bank he was Jones, gave the bank a false address, and falsely told an officer that John Bowman, the person on whose account the check was drawn, had given him permission to use his name; neither Bowman nor the bank knew a Tommy Jones; and Maryland police told Fayetteville officers that Tommy Jones was, in fact, defendant.

2. **Criminal Law § 34.7— forgery—other offense—admissible to show knowledge, intent, plan**

The trial court did not err in a prosecution for forging checks on the account of John Bowman by admitting evidence that defendant was arrested at a First Citizens Bank with a savings deposit book on an account he had opened there in the name of John Bowman. Although the evidence tended to show that defendant committed other crimes, it was competent to establish defendant's guilty knowledge and criminal intent or plan. Rule 404, N. C. Rules of Evidence.

APPEAL by defendant from *Herring, Judge.* Judgments entered 5 September 1984 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 17 September 1985.

Tried on four 4-count indictments, defendant was convicted of sixteen counts of forgery involving four checks payable to Tommy Jones that were drawn on the Baltimore bank account of John Oliver Bowman, and accepted for deposit by Wachovia Bank & Trust Company in Fayetteville. Each indictment concerned a particular check and charged defendant with (1) counterfeiting it, by forging Bowman's signature thereon in violation of G.S. 14-119; (2) passing the check as genuine to Wachovia Bank & Trust Company in violation of G.S. 14-120; (3) forging and counterfeiting the check by placing the false endorsement of Tommy Jones thereon in violation of G.S. 14-120; and (4) passing and delivering the falsely endorsed check to Wachovia Bank & Trust Company in violation of G.S. 14-120.

The State's evidence, in pertinent part, tended to show that: Defendant stole some blank checks and a birth certificate from John Oliver Bowman, drew four checks in favor of Tommy Jones on Bowman's account, opened an account at Wachovia Bank in the name of Tommy Jones by using a photo identification card which identified defendant as Tommy Jones, deposited the four checks purportedly given by Bowman in the account, and later withdrew some of the funds therefrom. It was later ascertained that the

Fayetteville address that defendant gave the bank did not exist. After Bowman reported the forgeries to the Baltimore police they told the Fayetteville officers that "William Shipman was in fact the Tommy Jones that had opened the account." When arrested defendant had on his person or in his belongings identification cards in the names of John Oliver Bowman, Tommy Jones, and William Thomas Shipman, each of which had defendant's photograph thereon. Among other things, defendant told the arresting officer that Bowman gave him permission to use his name; that Tommy Jones, a friend of his, gave him his birth certificate and permission to use his name; and that he, the defendant, had even served in the Army in the name of Tommy Jones. Bowman knew no Tommy Jones and neither issued nor authorized the issuance of the checks to him; he knew defendant, who he met in a Washington bar and entertained as a house guest for several days, as Delano Delaurentis Donati. The police made no effort to locate Tommy Jones. Defendant presented no evidence.

*Attorney General Thornburg, by Assistant Attorney General Steve Nimocks, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Robin E. Hudson, for defendant appellant.*

PHILLIPS, Judge.

[1]  John Oliver Bowman, whose bank account was falsely drawn on, testified in the trial and defendant does not contend that the State's evidence does not support the eight convictions based on counterfeiting and passing checks purportedly signed by Bowman. Tommy Jones, though, the purported payee and endorser of the counterfeit checks, did not testify; and defendant contends that the State's failure to prove that Jones did not authorize him to endorse the checks requires the dismissal of the other eight counts based on falsely endorsing Tommy Jones' name. If the evidence showed that the Tommy Jones named as payee on the checks is a real person and the circumstances were not as they are defendant's point would be well taken. Because, nothing else appearing, to convict a defendant of forgery it is not enough to show that he signed another's name to an instrument and passed it as genuine; it must also be shown that the instrument was false, which usually requires proof that the person who did the

signing had no authority to do so. *State v. Dixon*, 185 N.C. 727, 117 S.E. 170 (1923). "[I]f the purported maker is a real person and actually exists, the State is required to show not only that the signature in question is not genuine, but was made by defendant without authority." *State v. Phillips*, 256 N.C. 445, 448, 124 S.E. 2d 146, 148 (1962). This is because the law generally presumes that one signing another's name has authority to do so. 37 C.J.S. *Forgery* Sec. 80 (1943).

But, of course, as common sense and logic indicate and *State v. Phillips, supra* makes plain, when the name affixed to or put in an instrument is fictitious, a lack of authority to sign that name need not be shown, because authority could not have been given. And in this case, contrary to defendant's contention, the evidence does not show that Tommy Jones is a real person. Defendant neither testified nor presented evidence and the only indication in the record that Tommy Jones is an actual person is a self-serving statement defendant made to the law officer that Jones gave him his identification card and authorized him to use his name; under the circumstances neither the State nor the jury were obliged to accept that statement as being true. Defendant falsely told the bank he was Tommy Jones, gave them a false address, and falsely told the officer that Bowman gave him permission to use his name; neither Bowman nor the bank knew any real Tommy Jones, and the Maryland police told the Fayetteville officers that Tommy Jones was in fact the defendant. Viewed not in the light most favorable to the State, but simply in context, the State's evidence clearly shows that Tommy Jones was but a creature of defendant's fertile and thievish imagination; and the contention that the State's case must fail because it was not shown that Jones did not authorize the endorsements is absurd. It is fundamental in the trial of lawsuits that litigants, including the State, are free to follow their own theories if legally sound and supportable by evidence; and they are never obliged to lose themselves on the false trails laid down by their adversaries. Under the circumstances of this case, no presumption could conceivably arise that Tommy Jones, even if real, authorized defendant to endorse the checks; because defendant, himself, drew the checks in Jones' favor knowing that they were counterfeit. Thus, the only "authority" Jones could have given him would have been to complete the

swindle by signing his name and thus commit a criminal act—a power no person can convey to another.

[2] Defendant also assigned as error the trial court's admission of testimony as to the circumstances of his arrest. The officer testified that he arrested defendant at First Citizens Bank and that defendant had on his person a First Citizens Bank savings deposit book on an account that he had opened there in the name of John Bowman. Defendant's general objection to this evidence was properly overruled. Though the evidence does tend to show, as defendant argues, that he had committed still other crimes, it is nevertheless competent to establish defendant's guilty knowledge and criminal intent or plan in this case. Rule 404, N.C. Rules of Evidence. Defendant's other assignment of error, which merits no discussion, is also overruled.

No error.

Judges WELLS and WHICHARD concur.