STATE OF NORTH CAROLINA v. ANGELA SERAPHEM

No. 8712SC955

(Filed 31 May 1988)

**1. Constitutional Law § 45— court-appointed counsel removed—defendant appearing pro se—court's explanations sufficient**

The trial court complied with N.C.G.S. § 15A-1242 when he allowed defendant to remove her court-appointed counsel and allowed her to proceed *pro se* where the trial court explained to defendant the maximum penalties for the charges against her and emphasized the seriousness of her plight, and defendant stated on several occasions during the judge's explanations that she understood her situation completely, that she did not want the court-appointed counsel to represent her, and that she wanted to represent herself.

**2. Constitutional Law § 46— court-appointed counsel removed—same attorney appointed as standby counsel—no error**

The trial judge did not abuse his discretion by appointing a particular attorney as standby counsel after removing him as counsel, and there was no merit to defendant's contention that the attorney had a "conflict of interest" because defendant was contemplating a lawsuit against him and the public defender's office for his alleged neglect and misconduct in handling her case. N.C.G.S. § 15A-1243.

**3. Forgery § 2.2— forgery of and uttering forged check—sufficiency of evidence that checks were forged**

In a prosecution for forgery and uttering a forged check, there was no merit to defendant's contention that the State failed to prove that checks were actually forged where the checks in question were drawn by John Holbrook, but the president of the bank on which the checks were drawn testified that the sole name on the signature authorization card of the checking account was Jan Holbrook; there was thus evidence that the checks were falsely made; and there is a presumption that one in possession of a forged instrument, who attempts to obtain money or goods with that instrument, has either forged or consented to the forging of the instrument.

**4. Constitutional Law § 66— defendant's absence from trial because of suicide attempt—defendant not prejudiced**

Defendant was not prejudiced by her absence during the jury's deliberation and delivering of its verdict, since the jury was not informed that defendant was absent due to her attempted suicide, and standby counsel was present throughout the proceedings.

APPEAL by defendant from *Coy E. Brewer, Jr., Judge.* Judgment entered 18 May 1987 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 8 March 1988.

*Attorney General Lacy H. Thornburg by Assistant Attorney General Steven F. Bryant for the State.*

*James R. Parish for defendant-appellant.*

BECTON, Judge.

Defendant, Angela Seraphem, also known as Janet Holbrook, was convicted of two counts of forgery and two counts of uttering a forged check for which she was sentenced to imprisonment for four four-year terms. She appeals. We find no error.

I

The State presented evidence that on 24 January 1986 defendant presented a check and deposit slip to Denice Walters, a teller at the drive-in window of the Cumberland Road branch of North Carolina National Bank (NCNB). Walters noticed that the zip code on the check did not match the address. She then examined the account and discovered that the name on the account was different from the name on the deposit slip. She advised defendant that the transaction would take a few extra minutes. The name on the deposit slip was Jan Holbrook Reeves. The check was drawn for $88.34. The net deposit was $20.00, and defendant was to receive $68.34. The check was drawn on an Ohio State Bank account in the name "Save Now," a business. It was signed by John Holbrook, payable to Jan Holbrook Reeves, and endorsed by Jan Holbrook Reeves. During the delay in processing, defendant drove away. Walters then phoned other branches of NCNB to alert them regarding the checks.

Later that day, defendant presented a check to Catherine Duncker, a bank teller at the drive-in window of the Spring Lake

branch of NCNB. Duncker was suspicious of the check because she had been alerted earlier by another bank that a woman was passing questionable checks on a "Save Now" account of the Ohio State Bank. Defendant's check was drawn on such an account. The check was payable to Sharon Satory in the amount of $194.81. Defendant presented a deposit slip with the check, and attempted to deposit $100.00 and to receive $94.81. The name of the drawer was illegible but contained the letters JOH. Duncker attempted to stall defendant as another teller phoned the police. However, defendant became impatient and departed. A Spring Lake police patrolwoman arrived as defendant drove away. She and several other officers pursued defendant and arrested her. Maps of several North Carolina cities, license plates, checks and deposit slips from the Ohio State Bank, a checkbook for an account in the name Jan Holbrook, an ID activity card containing a photograph of defendant under the name Janet Holbrook, and a duplicate Virginia motor vehicle registration card for Wanda Sue Holbrook were all found in defendant's car.

The Vice President of Ohio State Bank testified that an account in the business name "Save Now" was opened by Jan Holbrook on 10 October 1979 and closed 24 January 1980. He stated that Jan Holbrook's name alone appeared on the signature card for that account.

Defendant testified that she did not author the checks and that the checks were passed by Janet Holbrook who died 24 January 1986.

II

Defendant raises six issues on appeal.

A

[1]  Defendant first contends that the trial judge erred by failing to comply with N.C. Gen. Stat. Sec. 15A-1242 when allowing her to remove Mr. Jerome P. Trehy, Jr., her court appointed counsel, and allowing her to proceed *pro se*. Section 15A-1242 provides:

Defendant's election to represent himself at trial.

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only

after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

Defendant argues that the trial judge failed to make inquiries sufficient to affirmatively show that she knowingly, voluntarily and understandingly waived counsel. She argues that the trial judge did not make the appropriate inquiries at the time he heard her motion to remove Mr. Trehy. Rather, the trial judge removed Mr. Trehy, then on the following day, just before trial, inquired of defendant's intentions to proceed on her own behalf.

We are satisfied by our examination of the transcript and record that the trial judge's inquiry complied with Section 1242 and that defendant knowingly, intelligently, and voluntarily waived her right to counsel. The trial judge explained to the defendant the maximum penalties for the charges against her and emphasized the seriousness of her plight. Defendant stated on several occasions during the judge's explanations that she understood her situation completely, that she did not want Mr. Trehy to represent her, and that she wanted to represent herself.

B

[2] Defendant next contends that the trial judge erred by appointing Mr. Trehy as standby counsel after removing him as counsel. N.C. Gen. Stat. Sec. 15A-1243 provides:

When a defendant has elected to proceed without the assistance of counsel, the trial judge *in his discretion* may appoint standby counsel to assist the defendant when called upon and to bring to the judge's attention matters favorable to the defendant upon which the judge should rule upon his own motion. (Emphasis added.)

We first note that appointment of standby counsel is a discretionary matter for the trial judge. Thus, our standard of review is

abuse of discretion. *See State v. Kuplen,* 316 N.C. 387, 343 S.E. 2d 793 (1986). In the instant case, defendant argues, not that standby counsel should not have been appointed, but rather that a particular attorney was somehow unfit to serve as standby counsel. Defendant argues that Mr. Trehy had a "conflict of interest" because defendant was contemplating a lawsuit against him and the public defender's office for his alleged neglect and misconduct in handling her case. Furthermore, defendant advised the trial judge that she had lost confidence in Mr. Trehy and would not consider any of his advice.

As we noted earlier, defendant did not attempt or desire to replace Mr. Trehy with different counsel. She did not question his competence. She was disturbed that he had not devoted the amount of time to her case that she thought appropriate. This complaint, coupled with her general criticisms of the public defender's office, do not rise to the level of a "conflict of interest." Moreover, defendant conferred with Mr. Trehy repeatedly during her trial. The trial judge did not abuse his discretion by appointing Mr. Trehy as standby counsel.

C

[3] Defendant's third and fourth contentions are that the trial judge erred by denying her motions to dismiss the charges of forgery and uttering a forged check. Simply stated, defendant argues that the State failed to prove that the checks were actually forged. Consequently, she could not be convicted of either forgery or uttering a forged check.

The offense of forgery consists of three elements: (1) a false making or alteration of some instrument in writing; (2) a fraudulent intent; and (3) an instrument apparently capable of effecting a fraud. *State v. Phillips,* 256 N.C. 445, 124 S.E. 2d 146 (1962). Defendant asserts that the State presented no direct evidence that she signed the checks or that the signatures on the checks were false. She argues, therefore, that the first element is not satisfied. We disagree. The State presented evidence of a false making. An instrument is demonstrated false when it is shown that a person who signed another's name did so without authority. *Id.* The checks were drawn by *John* Holbrook. However, the Vice President of Ohio State Bank testified that the sole name on the signature authorization card of the "Save Now" checking ac-

In re Lynette H.

count was *Jan* Holbrook. Thus, there was evidence the checks were falsely made.

There is a presumption that one in possession of a forged instrument, who attempts to obtain money or goods with that instrument, has either forged or consented to the forging of the instrument. *State v. Roberts*, 51 N.C. App. 221, 275 S.E. 2d 536, *disc. rev. denied*, 303 N.C. 318, 281 S.E. 2d 671 (1981). The mere offer of the false instrument with fraudulent intent constitutes an uttering. *State v. Greenlee*, 272 N.C. 651, 159 S.E. 2d 22 (1968). The State presented substantial evidence that defendant presented two falsely made checks to tellers at two branches of NCNB on 24 January 1986 and thereby attempted to obtain money. This assignment of error is overruled.

D

[4] Defendant next contends that the trial judge erred by failing to declare a mistrial and by allowing the jury to deliberate, review evidence, and deliver its verdict in defendant's absence due to her attempted suicide. In our view, defendant was not prejudiced by her absence at that stage of the proceedings. The jury was not informed of the reason for her absence. Moreover, standby counsel was present throughout the remainder of the proceedings. This assignment of error is overruled.

Judgment is no error.

Judges ARNOLD and PARKER concur.