STATE OF NORTH CAROLINA
v.
ROBERT JAMES BLACKMON
No. COA06-1656
Court of Appeals of North Carolina.
Filed August 21, 2007
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Spurgeon Fields, III, for the State.
Vhorsen Law Office, by Haakon Thorsen, for defendant-appellant.
JACKSON, Judge.
Robert James Blackmon ("defendant") was found guilty in district court of driving while his license was revoked and operating a motor vehicle without insurance. He appealed his convictions to superior court, where a jury again found him guilty of both offenses. The trial court suspended a sentence of fortyfive days in the county jail, and placed defendant on supervised probation for a period of eighteen months.
At trial, North Carolina Highway Patrolman Mike Gahagan ("Gahagan") testified that defendant drove a dark blue van to a driver's license checkpoint on Bear Creek Road on the afternoon of 7 October 2005. When defendant was unable to produce a driver'slicense, Gahagan ran his name and date of birth through the computer and determined that defendant's driver's license had been revoked in the 1980's. Gahagan further noticed that defendant's van did not have a North Carolina license tag or registration stickers. Defendant told Gahagan that he had no insurance for the vehicle, and believed that he was not subject to North Carolina's motor vehicle laws due to his religious beliefs. The State introduced a certified letter from the Division of Motor Vehicles, notifying defendant of his license revocation.
Proceeding pro se, defendant cross-examined Gahagan but did not testify. Citing the Interstate Commerce Clause, he argued that the State had no authority to regulate his use of a motor vehicle, because "[t]he regulation of traffic is a federally-mandated situation that supercedes the laws of North Carolina." U.S. Const. art. I, § 8, cl. 3.
On appeal, defendant claims the superior court violated his constitutional right to counsel, as well as the provisions of North Carolina General Statutes, section 15A-1242 (2005), by allowing him to proceed pro se at trial without ensuring that his waiver of counsel was knowing and voluntary. Defendant argues that the record does not clearly and unambiguously reflect his desire to waive counsel. He further asserts that the trial court failed to determine whether he "understood and appreciated the consequences of representing himself as required by [section] 15A-1242(2)."
Although a criminal defendant has a constitutional right to self-representation, the decision to proceed pro se must be made in a manner that safeguards the defendant's corresponding right to counsel. The record must show both that the defendant "clearly and unequivocally" intended to proceed pro se, and that he reached the decision to waive counsel "knowingly, intelligently and voluntarily." State v. Hyatt, 132 N.C. App. 697, 702, 513 S.E.2d 90, 94 (1999) (citations omitted). A trial court satisfies each of these requirements if it complies with section 15A-1242, which provides as follows:
A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
(2) Understands and appreciates the consequences of this decision; and
(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.
N.C. Gen. Stat. § 15A-1242 (2005); see also State v. King, 158 N.C. App. 60, 63, 580 S.E.2d 89, 92, disc. rev. denied, 357 N.C. 509, 588 S.E.2d 376 (2003).
The transcript of proceedings held 22 May 2006 reflects that the trial court asked defendant if he wanted a lawyer to represent him at trial. When defendant asked if the court was referring to a pending charge of failure to appear, the judge clarified that defendant was to be tried "for Driving While License Revoked and Operating a Vehicle with No Insurance," having appealed his conviction from district court. The court then engaged defendant in the following colloquy:
Q. Do you want a lawyer?
A. No, trial de novo 
Q. You think you can try a jury trial without a lawyer?
A. Well, I can present the basic argument, sir.
Q. You have a right to a lawyer. Do you understand depending on your record, that you could get up to 120 day[s] on each of these two charges?
A. Okay.
Q. Now, if you want to waive your right to Court appointed counsel, you may do that. You need to come up here  or the Clerk will take back to you a waiver of your right to Court appointed counsel, if that's what you want to do.
After explaining why he had failed to appear at his original court date, defendant advised the court, "If we could reschedule[] this for trial, I would be more than willing to do that." When asked by the court if he was "ready to proceed this week[,]" defendant replied, "Yes, sir." The trial court then instructed defendant to approach the bench and sign a written waiver of appointed counsel, "if that's what you want to [do]." Defendant executed a written waiver of his right to assigned counsel on 22 May 2006. He then appeared at trial without counsel on 5 June 2006, and proceeded without objection.
When a defendant challenges the sufficiency of the trial court's inquiry under North Carolina General Statutes, section 15A-1242, "the critical issue is whether the statutorily required information has been communicated in such a manner that defendant's decision to represent himself is knowing and voluntary." State v. Carter, 338 N.C. 569, 583, 451 S.E.2d 157, 164 (1994). "The record must affirmatively show that the inquiry was made and that the defendant, by his answers, was literate, competent, understood the consequences of his waiver, and voluntarily exercised his own free will." State v. Callahan, 83 N.C. App. 323, 324, 350 S.E.2d 128, 129 (1986) (citing State v. Gerald, 304 N.C. 511, 518.19, 284 S.E.2d 312, 317 (1981)).
We believe that the trial court's exchange with defendant was sufficient to satisfy the requirements of section 15A-1242 and to demonstrate defendant's knowing and voluntary waiver of the right to counsel. In addition to advising defendant of his right to counsel, the two charges he was facing, and the maximum punishment for each offense, the trial court verified defendant's understanding that he would be required to "try a jury trial without a lawyer" if he chose to proceed pro se. Given the nature of the charges at issue, we believe defendant was adequately apprised of the "consequences" of his decision to waive counsel under section 15A-1242(2). See State v. Proby, 168 N.C. App. 724, 726.27, 608 S.E.2d 793, 794 (2005); State v. Seraphem, 90 N.C. App. 368, 371, 368 S.E.2d 643, 645 (1988) (finding compliance with section 15A-1242 where "[t]he trial judge explained to the defendant the maximum penalties for the charges against her and emphasized the seriousness of her plight."). The record reflects that defendant expressed his intention to proceed without counsel both orally and in writing on 22 May 2006, and that he appeared at trial prepared to present his defense. Accordingly, we overrule his assignments of error.
No error.
Chief Judge MARTIN and Judge CALABRIA concur.
Report per Rule 30(e).