State v. Washington

STATE OF NORTH CAROLINA v. EDWARD EARL WASHINGTON AND BENJAMIN F. WIGGINS

No. 778SC25

(Filed 6 July 1977)

1. Narcotics § 4— driver and passenger of vehicle — possession of drugs — sufficiency of evidence

Evidence was sufficient to be submitted to the jury in a prosecution for possession of heroin where it tended to show that one defendant was the owner and operator of a vehicle in which controlled substances and narcotic paraphernalia were found, and the other defendant, who was a passenger in the car, was in such close proximity to a bottle cap containing heroin residue, needles and syringes that the items could have easily been seen by him.

2. Narcotics § 4.5— passenger in vehicle — proximity to drugs — instruction on possession erroneous

In a prosecution for possession of heroin, the trial court's instruction with respect to an automobile passenger that "if you find beyond a reasonable doubt that heroin was found in close proximity, physical proximity to the defendant . . . , you may infer that the defendant had . . . both the power and the intent to control its disposition or use" was overbroad and erroneous, since, to infer power and intent to control a substance to a mere passenger in a vehicle, the jury must rely on circumstances in addition to defendant's mere "close physical proximity to the drugs."

APPEAL by defendants from *Tillery, Judge.* Judgments entered 14 October 1976 in Superior Court, LENOIR County. Heard in the Court of Appeals 31 May 1977.

Defendants were tried for possession of heroin.

The State's evidence tended to show the following: On 5 July 1976, during the early morning hours, Kinston law enforcement officers positioned themselves at the intersection of Highways 258 North and 70 West, and waited for the appearance of a 1965 Buick convertible, having the license number NPR-128. The officers had been informed that the occupants of the vehicle would have heroin in their possession when they reentered the City of Kinston. They first observed the vehicle around 12:40 a.m. The officers began following the vehicle into the City of Kinston. The officers stopped the vehicle after following it for approximately a mile.

The driver and owner of the vehicle was defendant Washington. He was placed under arrest for possession of heroin. Defendant Wiggins was seated in the front passenger seat of the car. Both defendants were advised of the Miranda rights.

The search officer observed on the passenger side of the vehicle between the seat and the door, some needles, syringes, and one bottle cap cooker wrapped in tinfoil. The charred bottle cap contained a crystal-like residue which was later determined to be heroin. In the console, located between the bucket seats, the officer found a Kool cigarette pack in which there was a packet of heroin and lactose. On the backseat, the officer found a black tape case which held another set of needles and syringes wrapped in yellow tissue paper and a plastic bag containing 14.3 grams of marijuana. A package of cigarette rolling papers in a plastic box was also found in the car.

Both defendants testified. Their evidence tends to show the following:

On the evening of 4 July 1976, defendants closed the Fast Fare, where they were employed, about 10:30 p.m. because they had run out of change. They took Washington's car and drove it to a nearby service station where they obtained a small amount of change from the attendant and where they had to wait a few minutes because the water pump was not functioning properly. After the car had cooled off, they put water into

the radiator and then proceeded towards La Grange. A mile or two down the road, the engine ran hot again and they had to pull over and wait for it to cool off. After it had cooled, they put more water in the radiator and drove away from Kinston until they made a U-turn at the Amoco Station and started back to Kinston. They were stopped by the police as they drove back to Kinston.

Neither of the defendants denied that the incriminating items were found in the vehicle, but Washington testified that the items must have been planted on his vehicle by some of the "junkies" with whom he was having trouble for stealing. He had trouble with this group on the day before his arrest. Both defendants denied any knowledge of the presence of the controlled substances before they were arrested.

From verdicts of guilty and judgments sentencing defendants to terms of imprisonment, defendants appealed.

*Attorney General Edmisten, by Special Deputy Attorney General Robert P. Gruber, for the State.*

*Leland M. Heath, Jr., for defendant Washington and Gerrans and Spence, P.A., by William D. Spence, for defendant Wiggins.*

VAUGHN, Judge.

One of the questions presented is whether the evidence was sufficient to withstand defendants' motions for nonsuit. As to both defendants we hold that there was sufficient evidence to require the submission of the case to the jury.

Upon a motion for judgment as of nonsuit, the evidence must be considered in the light most favorable to the State and every reasonable inference arising therefrom must be given to the State. Any evidence of the defendant which is favorable to the State is considered, but his evidence that is in conflict with that of the State is not considered upon such motion. *State v. Price,* 280 N.C. 154, 184 S.E. 2d 866. When all of the evidence is so considered, the State must have set forth substantial evidence to support a finding both that the offense charged has been committed and that the defendants committed it. *State v. Poole,* 285 N.C. 108, 203 S.E. 2d 786.

**[1]** With respect to Washington, evidence that he was the owner and operator of the vehicle in which the controlled substances and the narcotic paraphernalia were found is sufficient to require submission of his case to the jury. *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706. As to defendant Wiggins, there was evidence that placed the bottle cap containing heroin residue, needles and syringes in such a position that they could have easily been seen by him. This and all of the other circumstances of the case would permit the jury to conclude that defendant had both the power and intent to control the contraband.

**[2]** Defendant Washington's exception in the judge's charge is without merit.

Defendant Wiggins assigns as error the following instruction:

> "With respect to the defendant Wiggins I charge you that if you find beyond a reasonable doubt that heroin was found in close proximity, physical proximity to the defendant Wiggins, you may infer that the defendant had either by himself or together with others both the power and the intent to control its disposition or use.
>
> DEFENDANT WIGGINS' EXCEPTION NO. 15
>
> However, as to each defendant you are not compelled to make this inference. (You may consider this evidence together with all the other evidence in the case in determining whether the State has proved beyond a reasonable doubt that either defendant had either by himself or together with others both the power and the intent to control the disposition and use of that substance.)"

In *State v. Weems*, 31 N.C. App. 569, 230 S.E. 2d 193, Judge Parker speaking for this Court stated:

> "Necessarily, power and intent to control the contraband material can exist only when one is aware of its presence. Therefore, evidence which places an accused within close juxtaposition to a narcotic drug under circumstances giving rise to a reasonable inference that he knew of its presence may be sufficient to justify the jury in concluding that it was in his possession. 'However, mere proximity to persons or locations with drugs about them is usually insufficient, in the absence of other incriminating circumstances, to con-

vict for possession.' Annot., 91 A.L.R. 2d 810, 811 (1963). Consistent with this view, a number of courts have recognized the principle that 'the mere presence of the defendant in an automobile in which illicit drugs are found does not, without more, constitute sufficient proof of his possession of such drugs . . . . ' Annot., 57 A.L.R. 3d 1319, 1326 (1974)."

Although we have held that the evidence of Wiggins' possession was sufficient to take the case to the jury, we conclude that Wiggins' exception to the charge has merit. We are aware of the suggested instruction, "if you find beyond a reasonable doubt that . . . was found in close physical proximity to the defendant, you may infer that the defendant had . . . the power and intent to control its use" comes directly from N.C.P.I. — Crim. 104.41. We conclude, however, that it is overbroad and erroneous. To infer power and intent to control a substance to a mere passenger in a vehicle, the jury must rely on circumstances in addition to defendant's mere "close physical proximity to the drugs." *State v. Weems, supra.*

In defendant Washington's trial, we find no error.

Defendant Wiggins is awarded a new trial.

Judges BRITT and ARNOLD concur.