State v. Burke

---

STATE OF NORTH CAROLINA v. JUSTIN THOMAS BURKE, JR.

No. 7726SC904

(Filed 6 June 1978)

1. Narcotics § 4— possession of marijuana—sufficiency of evidence

In a prosecution for felonious possession of marijuana, evidence was sufficient to be submitted to the jury where it tended to show that defendant was seated at a table upon which there were located some 5.5 pounds of marijuana in compressed bricks, and that he had in his hand a bag containing one-half pound of loose marijuana.

2. Criminal Law § 113.7— possession of marijuana—acting in concert—jury instructions—no error

Defendant's assignments of error to the trial judge's instructions as to "acting in concert" and "aiding and abetting" are overruled, since the jury's decision was not clouded by questions of joint participation or common purpose

to commit a crime but was instead a clear-cut issue of whether defendant actually knew and was aware that marijuana was in his presence.

**3. Narcotics § 4.6— possession of marijuana—amount in house as indicator of intent—jury instructions—no prejudice**

In a prosecution for felonious possession of marijuana and possession of marijuana with intent to sell and deliver, the trial court's error, if any, in instructing the jury that they could consider the amount of marijuana on the premises in question as an indicator of intent was harmless in light of the amount of marijuana which was found in the same room in which defendant was seated; furthermore, that part of the instruction to which defendant objected was given in connection with the judge's charge as to possession with intent to sell and deliver and addressed the element of defendant's intent to sell the marijuana.

**4. Narcotics § 4.6— proximity to drug—intent to control—jury instructions proper**

In a prosecution for felonious possession of marijuana, the trial judge did not err in that portion of his charge which allowed the jury to infer defendant's power and intent to control the disposition or use of marijuana from his close physical proximity to it, since the evidence showed that defendant was in a house, seated at a table upon which several pounds of marijuana were located, and had a bag in his hand containing a quantity of marijuana.

APPEAL by defendant from *Friday, Judge*. Judgment entered 7 June 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 2 March 1978.

Defendant was tried on charges of felonious possession of marijuana and possession of marijuana with intent to sell and deliver. To each charge, he entered a plea of not guilty.

The evidence presented by the State tended to show that on 24 September 1976, Charlotte City Police Officers Hilderman and Sorrow executed a search warrant at a house in Charlotte; that defendant and another were seated at a kitchen table; that defendant had a white plastic bag in his hand which he dropped on the table directly in front of him when Officer Hilderman entered the kitchen; that there were one compressed brick and three half bricks (the latter weighing one-half kilo or 1.1 pounds each) of marijuana on the kitchen table; that the bag defendant had dropped contained approximately one-half pound of loose marijuana; that the officers also found a large marijuana cigarette on a kitchen shelf, two pipes containing marijuana residue on the kitchen table, two large bags of marijuana in a bedroom closet,

and a clear plastic bag of marijuana in the pocketbook of a woman who resided in the house.

Defendant testified in his own behalf, and his testimony tended to show that he had been visiting at another house in the neighborhood and had accompanied two others to the house in question; that he entered the kitchen and sat down, and observed the bags containing the marijuana; that he did not know that there was any marijuana in the house prior to his arrival; that he had picked up a clear plastic bag containing a brick of marijuana and just looked at it when the police entered the kitchen; that he did not own any of the marijuana and at the time did not know it was marijuana; that he did not exercise any dominion or control over the marijuana, other than to lift the one bag from the table.

The jury returned a verdict of guilty of possession of more than one ounce of marijuana. From judgment imposing a sentence of six months active imprisonment and 4½ years of probation, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Daniel C. Oakley, for the State.*

*David R. Badger for defendant.*

BROCK, Chief Judge.

Defendant brings forward six assignments of error, five of which are presented in four arguments. Defendant does not argue his assignment of error number 1, thus it is deemed abandoned. App. R. 28(a).

[1] Defendant assigns as error the denial of his motions to dismiss, to set aside the verdict as being against the greater weight of the evidence, for a new trial, and in arrest of judgment. By this assignment, defendant challenges the sufficiency of the State's evidence to warrant its submission to the jury and to support the verdict thereon. More specifically, defendant contends that the State failed to prove possession of more than one ounce of marijuana. We disagree.

Upon defendant's motion to dismiss, or for judgment of nonsuit, G.S. 15-173, "the evidence for the State must be taken as true and the question for the court is whether there is substantial

evidence that the offense charged in the bill of indictment, or a lesser offense included therein, has been committed and that the defendant committed it. *State v. Cutler*, 271 N.C. 379, 156 S.E. 2d 679." *State v. Mason*, 279 N.C. 435, 439, 183 S.E. 2d 661, 663 (1971). Applying these principles to the case *sub judice*, we hold that the State's evidence was sufficient as to all essential elements of the offense charged. The evidence for the State, taken as true, establishes that defendant was seated at a table upon which there were located some 5.5 pounds of marijuana in compressed bricks, and that he had in his hand a bag containing one-half pound of loose marijuana. "[E]vidence which places an accused within close juxtaposition to a narcotic drug under circumstances giving rise to a reasonable inference that he knew of its presence may be sufficient to justify the jury in concluding that it was in his possession." *State v. Weems*, 31 N.C. App. 569, 571, 230 S.E. 2d 193, 194 (1976). The State's evidence, therefore, was sufficient to establish an inference of possession and that the possession was felonious, that is, of a quantity greater than one ounce.

The denial of defendant's motion to set aside the verdict as being against the weight of the evidence is a decision within the sole discretion of the trial court and is not reviewable. *State v. Shepherd*, 288 N.C. 346, 218 S.E. 2d 176 (1975). Denial of defendant's motion for a new trial is not reviewable absent abuse of discretion, which has not been shown. *State v. McKenna*, 289 N.C. 668, 224 S.E. 2d 537, *death sentence vacated* 429 U.S. 912, 50 L.Ed. 2d 278, 97 S.Ct. 301 (1976). Motion for arrest of judgment is proper only when fatal error or defect appears on the face of the record. *Id.* No such error or defect appears on the face of the record in this case.

Defendant's assignment of error number 2 is overruled.

[2] Defendant's third and fourth assignments of error challenge the propriety of the trial judge's instructions as to "acting in concert" and "aiding and abetting." Defendant contends that there is no evidence (1) that defendant, with a common purpose, did some act which forms a part of the offense charged, so as to warrant an instruction on "acting in concert"; or (2) that defendant, though present, committed no act necessary to constitute the crime, yet aided and abetted another in its commission, so as to warrant an

instruction on "aiding and abetting." *See State v. Mitchell*, 24 N.C. App. 484, 211 S.E. 2d 645 (1975).

Because the situation presented by the instant case is similar to that in *State v. Cameron*, 284 N.C. 165, 200 S.E. 2d 186 (1973), *cert. denied* 418 U.S. 905 (1974), we find it unnecessary to review the propriety of the judge's instructions. To convict defendant of the crime of possession, the jury was required to determine that defendant actually knew and was aware that marijuana was in his presence. The State's evidence, admittedly, required the jury to infer culpable knowledge by virtue of defendant's close juxtaposition to the marijuana. Defendant testified that he was merely a chance visitor at the premises and did not know that the substance before him was marijuana. In this case, as in *Cameron, supra*, "[t]he jurors' decision was not clouded by questions of joint participation or common purpose to commit a crime. Thus the jury was given a clear-cut decision: whether to believe the State's evidence and return a verdict of guilty or believe the defendant's evidence [negating intent] and return a verdict of not guilty." 284 N.C. at 171, 200 S.E. 2d at 191. Defendant's assignments of error numbered 3 and 4 are overruled.

[3] In his assignment of error number 5, defendant contends that the trial judge erred in instructing the jury that they could consider the amount of marijuana on the premises in question as an indicator of intent, since there was no evidence that defendant had any knowledge of the marijuana which was found outside of the kitchen. This assignment is likewise without merit. The error, if any, in this charge was harmless in light of the amount of marijuana which was found in defendant's presence in the kitchen. Furthermore, construing the charge contextually, we note that the challenged portion was given in connection with the judge's charge as to possession with intent to sell and deliver and addressed the element of defendant's intent to sell the marijuana. Defendant's assignment of error number 5 is overruled.

[4] In his final assignment of error, defendant contends that based upon the recent case of *State v. Washington*, 33 N.C. App. 614, 235 S.E. 2d 903 (1977), the trial judge erred in that portion of this charge which allowed the jury to infer defendant's power and intent to control the disposition or use of marijuana from his close physical proximity to it. In *Washington*, such a charge was found

to be overbroad and erroneous as to a mere passenger in a vehicle. *Washington* is distinguishable from the instant case. Here the evidence showed that defendant was in a house, seated at a table upon which several pounds of marijuana were located, and had a bag in his hand containing a quantity of marijuana. This assignment of error is overruled.

No error.

Judges VAUGHN and ERWIN concur.