STATE OF NORTH CAROLINA v. MERRITTE L. DUNBAR

No. 8025SC125

(Filed 15 July 1980)

1. **Constitutional Law § 50– delay between indictment and trial – forgery indict-ments – no relation to earlier indictments for false pretense**

    There was no merit to defendant's contention that he was not tried within the period provided in G.S. 15A-701(al)(1) in that he had been indicted more than 120 days prior to the trial, since defendant was indicted for forgery on 20 August 1979 and tried on 4 September 1979, and the 20 August 1979 bills of indictment for forgery did not relate back to 30 April 1979 indictments for false pretense, though both sets of indictments arose out of the same transactions.

2. **Forgery § 2.2– fictitious name signed to check – showing not required – no authority to sign check shown**

    In a prosecution for forgery it was not necessary for the State to prove that the name "B. Hansely" signed by defendant to three checks was that of a fictitious person or a real person, since the evidence showed that the instrument was executed without authority, as neither "B. Hansely" nor the name of defendant appeared on the signature card of the S & M Paint Company account, upon which the checks in question were written; more-over, proof that no person bearing the name signed to a check has any right to draw on the party to whom it is directed is prima facie evidence that the name is fictitious.

3. **Forgery § 2– false instrument – signature on check not on signature card – instructions proper**

    The trial court in a forgery prosecution properly charged the jury on the element that the instrument be false where the court instructed the jury that executing a check on a bank account by signing a name not authorized by the signature card would be a false making of a check.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 5 September 1979 in Superior Court, CATAWBA County. Heard in the Court of Appeals 9 June 1980.

In 13 bills of indictment proper in form, defendant was charged with 12 counts of forgery and 1 count of forgery and uttering. Defendant was tried and convicted on 3 counts of forgery. From judgment imposing sentence, defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General Isaac T. Avery III, for the State.*

---

---

*J. Bryan Elliott for defendant appellant.*

MARTIN (Robert M.), Judge.

[1]  Defendant by his first assignment of error contends that he was not tried within the period provided in G.S. 15A-701(al)(1) in that he had been indicted more than 120 days prior to the trial.

The procedural events upon which defendant grounds his argument are as follows: Defendant was originally indicted on 22 August 1977 for obtaining property by false pretense. These charges were dismissed with leave by the State on 29 June 1978 because the defendant failed to appear for arraignment and could not be found. On 12 April 1979 an order for arrest was served upon defendant for five true bills of indictment returned by the grand jury for the crime of false pretenses which order was issued on 24 August 1977. After the order for arrest was executed, warrants for arrest on the false pretenses charges were served on 17 April 1979. These warrants were subsequently dismissed on 8 May 1979 because five true bills of indictment for the offenses of false pretenses had been returned on 30 April 1979. Defendant was served with the indictments for false pretenses on 7 May 1979.

Thereafter, defendant was indicted on 20 August 1979 on 12 counts of forgery and 1 count of forgery and uttering arising from the same transactions on which the false pretenses indictments were based. These bills were served on defendant on 27 August 1979. Defendant was tried on three of the forgery charges on 4 September 1979.

G.S. 15A-701(al)(1) provides that

Notwithstanding the provisions of G.S. 15A-701(a) the trial of a defendant charged with a criminal offense who is arrested, served with criminal process, waives an indictment or is indicted, on or after October 1, 1978, and before October 1, 1980, shall begin within the time limits specified below:

(1) Within 120 days from the date the defendant is arrested, served with criminal process, waives an indictment, or is indicted, whichever occurs last; . . .

It is clear that the trial of defendant on 4 September 1979 for the offenses of forgery was within 120 days from the date from the indictments for those offenses on 20 August 1979 and service of the indictments on 27 August 1979. The crux of defendant's argument is that the 20 August 1979 bills of indictment for forgery upon which defendant was tried would relate back to the 30 April 1979 indictments for false pretense since both sets of indictments arose out of the same transactions. Defendant cites no authority for the proposition that the time limit relates back and we do not accept such a proposition. We note further that the provision of G.S. 15A-703 that a dismissal with prejudice shall bar further prosecution of the defendant for the same offense or an offense based on the same act or transaction has no application to the present case since at the time of the trial on 4 September 1979 there had been no dismissal of the charges of false pretenses or the remaining charges of forgery.

The defendant by his second assignment of error contends the court erred in failing to grant defendant's motion to dismiss pursuant to G.S. 15A-1227. A motion pursuant to G.S. 15A-1227 tests the sufficiency of the evidence to sustain a conviction and in that respect is identical to a motion for judgment as in the case of nonsuit under G.S. 15-173. *State v. Smith*, 40 N.C. App. 72, 252 S.E. 2d 535 (1979). In determining the sufficiency of the State's evidence, the court must consider the evidence "in the light most favorable to the State, all contradictions and discrepancies therein must be resolved in its favor and it must be given the benefit of every reasonable inference to be drawn from the evidence." *State v. Yellorday*, 297 N.C. 574, 578, 256 S.E. 2d 205, 209 (1979) (quoting from *State v. Cutler*, 271 N.C. 379, 382, 156 S.E. 2d 679, 681 (1967)). If there is substantial evidence that the offense charged in the bill of indictment, or a lesser offense included therein has been committed, and that the defendant committed it, the case is properly for the jury. *State v. Burke*, 36 N.C. App. 577, 244 S.E. 2d 477 (1978).

In the present case, defendant was tried on three indictments charging him with forgery of checks each in the amount of $136.44. Three elements are necessary to constitute a forgery: (1) a false making or alteration of some instrument in writing; (2) a fraudulent intent; and (3) the instrument must be apparently capable of effecting a fraud. *State v. Phillips*, 256 N.C. 445, 124 S.E. 2d 146 (1962), *State v. Dixon*, 185 N.C. 727, 117 S.E. 170 (1923). As to the first requirement of the offense, defendant contends that the State failed to prove that the instrument was false, that is executed without authority.

> If the name signed to a negotiable instrument . . . is fictitious, of necessity, the name must have been affixed by one without authority. . . . However, if the purported maker is a real person and actually exists, the State is required to show not only that the signature in question is not genuine, but was made by defendant without authority.

*State v. Phillips*, 256 N.C. 445, 448, 124 S.E. 2d 146, 148 (1962). Defendant argues that because the State failed to offer any evidence as to the identity or existence of the purported maker of the checks, B. Hansely, there was no proof that the signing of the check was false and unauthorized. We do not agree. The critical element is not the identity of the maker, real or fictitious, but whether the maker had authority to execute the instrument.

The State's evidence in the present case showed that an account had been opened at the First National Bank of Catawba County for S & M Paint Company on 13 September 1976. The signature of Sherman Dunbar appears on the signature card for that account. On 24 September 1976 three checks were written on the S & M Paint Company account. All of the checks bore the name of B. Hansely as maker and all were made out to and endorsed by Sherman Dunbar. The testimony of the FBI handwriting expert was omitted from the record on appeal by stipulation of the State and the defendant. The defendant further stipulated in the record on appeal that he had signed the checks "as the maker thereof by placing the name 'B. Hansely' upon said checks as the maker thereof."

**[2]**  The State's evidence that neither B. Hansley nor the defendant appear on the signature card of the S & M Paint Company account is sufficient evidence from which the jury could find that neither B. Hansely nor the defendant had any authority from the owner of the checks to sign them. *See State v. Greenlee*, 272 N.C. 651, 159 S.E. 2d 22 (1968). Under these circumstances, it is not necessary for the State to prove that the name B. Hansely signed by defendant is that of a fictitious person or a real person. In either case, the evidence shows the instrument was executed without authority. Moreover, we note that proof that no person bearing the name signed to a check has any right to draw on the party to whom it is directed is *prima facie* evidence that the name is fictitious. 37 C.J.S. Forgery § 95.

**[3]**  Defendant by his fourth assignment of error contends the court erred in its definition of forgery by failing to require the State to show whether defendant made a false instrument by affixing an actual person's name without authority. As outlined above, the essential element is that the instrument be false, i.e. made without authority.

"The fact that the drawer of a check lacks authority is one characteristic which renders an instrument false, and an instruction including the requirement that there be a false making encompasses the requirement that the instrument be drawn by one who lacks authority". *State v. McAllister*, 287 N.C. 178, 188, 214 S.E. 2d 75, 83 (1975). The trial court charged the jury as follows:

> First, the State must prove that the defendant falsely made a check.

> Executing a check on a bank account with a specific account number, with a specific authorized signature, by the signing of another name to the check not authorized by the signature card would be a false making of a check.

We hold the court has properly charged on the element that the instrument be false, that is made without the authority of the owner, where evidence tends to show defendant signed a name to a check which was not authorized by the signature card.

Defendant by his third assignment of error contends the trial court's summary of the evidence contained a statement of material fact not in evidence which prejudiced the defendant. In its summary of the evidence, the court stated:

> In this case, members of the jury, there has been evidence offered which tends to show but what it does show is for you to decide, . . . that these checks were then sent to the bank but not paid by the bank because of the lack of authorized signature on the checks; . . . Now that very briefly is just what some of the evidence tends to show but members of the jury is for you to say what if anything the evidence does in fact show, you are the triers of the facts.

The State's evidence showed that only the signature of Sherman Dunbar was on the signature card; that none of the checks were honored by the bank and that records show there were insufficient funds on deposit to pay the three checks. In light of our holding that the absence of defendant's or B. Hansely's name on the signature card is sufficient circumstantial evidence from which the jury could conclude that defendant lacked authorization to draw the check, we do not think the court's charge contained a misstatement of material fact to the prejudice of the defendant. Defendant received a fair trial free of prejudicial error.

No error.

Judges HEDRICK and MARTIN (Harry C.) concur.