STATE OF NORTH CAROLINA v. PAUL EMANUEL DOUGLAS

No. 56

(Filed 12 January 1982)

APPEAL of right pursuant to G.S. 7A-30(2) from a decision of the Court of Appeals reported in 51 N.C. App. 594, 277 S.E. 2d 467 (1981), by *Judge Wells, Judge Vaughn* concurring and *Judge Becton* dissenting, finding no error in defendant's trial before *Mills, J.,* at the 2 June 1980 Criminal Session of STANLY County Superior Court.

Defendant was indicted on charges of breaking or entering, and larceny and receiving.

The State's evidence tended to show that at 12:34 a.m., 5 March 1980, Officer J. E. Galliher of the Albemarle Police Department, while stopped at a traffic light on North First Street in Albemarle, observed a 1970 Oldsmobile with twelve to sixteen inches of cloth hanging from the trunk. Officer Galliher could see what appeared to be a small white appliance inside the trunk. Galliher stopped the vehicle to inform the driver that the cloth was hanging out of the trunk. As he approached the vehicle, he could see another small appliance in the back seat. Upon closer examination, Galliher saw a clothes washer and curtains in the trunk, and a clothes dryer, pillows, a bedspread, and curtains in the back seat. Galliher recognized the items as being of the type found in mobile homes, and he was aware of several prior thefts of washers and dryers from Conner Mobile Homes in Albemarle. Defendant was unable to produce his driver's license when so requested, and Galliher radioed the Albemarle Police Communication Department to make a driver's license check on defendant. He also radioed Officer L. C. Ingold to request him to check the Conner Mobile Home lot, located approximately one-half mile from where defendant's auto was stopped, for a possible breaking, entering and larceny of a washer and dryer. Officer Ingold discovered that two mobile homes had been entered. While awaiting a response to the records check, Galliher received information from Ingold that a mobile home had been found opened at Conner's lot and a washer and dryer apparently removed. Officer Galliher informed defendant and his companion that they were to be held pending an investigation of a possible breaking and entering. He seized the automobile and took defendant and his companion to the Stanly County Jail.

The Manager of Conner Mobile Homes met Officer Galliher at the lot and identified the property found in defendant's vehicle. It was determined that the curtains, pillows, and bedspread had come from a double-wide unit belonging to Conner Mobile Homes and that the washer and dryer had been removed from a single-wide unit which had been sold the preceding day but was still on the lot awaiting relocation. Officer Galliher proceeded to the county jail where he placed defendant under arrest for breaking or entering and larceny. Defendant was given his *Miranda* warn-

ings; thereafter, he signed a written statement admitting his guilt of the crimes charged.

Defendant offered no evidence in his behalf.

The jury returned verdicts of guilty of felonious breaking or entering, and of felonious larceny. Judgment was entered upon the verdicts imposing sentences of seven to ten years on each conviction to run consecutively.

*Rufus L. Edmisten, Attorney General, by Ben G. Irons, III, Assistant Attorney General, for the State.*

*Hopkins, Hopkins & Tucker, by Samp C. Hopkins, Jr., for defendant.*

PER CURIAM.

Defendant assigns as error the alleged violation of his Fourth Amendment rights grounded upon the stop and detention by Officer Galliher and the seizure of the washer and dryer, the admissibility of his confession, and the trial court's failure to quash the indictment charging him with breaking and entering a building in violation of G.S. 14-54.

Defendant contends that Officer Galliher lacked probable cause to stop and detain him and that the "plain view" doctrine did not entitle Officer Galliher to seize the items which did not reasonably appear to be associated with criminal activity. He further asserts that in light of the foregoing contentions his confession was inadmissible since the police lacked probable cause to stop and detain him and seize the washer and dryer. Finally, defendant maintains that the indictment charging him with violation of G.S. 14-54 was defective since he contends that a mobile home is not a building as defined in G.S. 14-54(c).

Subsequent to defendant's trial and conviction in the case now before us (Court of Appeals case number 8020SC1023), defendant was tried and convicted at the 2 September 1980 Criminal Session of Stanly County Superior Court on charges of breaking or entering and felonious larceny which involved the single-wide mobile home and personal property belonging to Edgie Nell Broadway. Defendant appealed that conviction to the North Carolina Court of Appeals and in an opinion by Chief Judge

Morris, with Judges Webb and Whichard concurring, (case number 8120SC57, filed 6 October 1981), the Court of Appeals found no error in the trial below in that case. The facts and questions of law presented by the assignments of error in Court of Appeals case number 8020SC1023 and Court of Appeals case number 8120SC57 are identical except as to the ownership of the mobile homes and the ownership of the personal property taken from the respective buildings.

We approve the application of the law to the facts in Judge Wells' well-reasoned opinion in Court of Appeals case number 8020SC1023, the case before us for decision, and adopt the opinion as our own. Our action in approving and adopting Judge Wells' opinion is strongly buttressed by Chief Judge Morris's opinion in case number 8120SC57 in which the Court of Appeals considered nearly identical facts and questions involving the same defendant and reached the same result as in Judge Wells' opinion.

We do not deem it necessary to encumber the reports with a third opinion in light of the fact that every question presented by defendant in the appeal before us has been adequately answered in the well-written opinions by Judge Wells and Chief Judge Morris.

The decision of the Court of Appeals in case number 8020SC1023 is

Affirmed.