STATE OF NORTH CAROLINA v. LONNIE RENARD NORWOOD

No. 8121SC770

(Filed 1 June 1982)

**Constitutional Law § 50— speedy trial—embezzlement charge—later larceny charge—transactional connection—time period runs from first indictment**

Where defendant was indicted for embezzlement on 6 October 1980 and on 3 November 1980 a new bill of indictment was returned charging the same embezzlement and felonious larceny and where defendant was tried on the felonious larceny charge on 17 February 1981 after the court dismissed the embezzlement charge, under G.S. 15A-703 the trial judge should have dismissed the larceny charge as well as the embezzlement charge as not being tried within 120 days since the two crimes with which the defendant was charged were "transactions connected together or constituting parts of a single scheme or plan." G.S. 15A-701(a1)(3).

APPEAL by defendant from *DeRamus, Judge.* Judgment entered 18 February 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 7 January 1982.

The defendant appeals from a sentence imposed after he was convicted of felonious larceny. The defendant was formerly employed by Herring Decorating, Incorporated in Winston-Salem. On 25 August 1980 he was arrested by a police officer with a roll of carpet belonging to Herring Decorating, Incorporated, which carpet the State contends he stole on that date. The officer then accompanied the defendant to the defendant's home where carpet was found which the State contends the defendant took from his employer on 15 August 1980. The defendant was charged in a warrant with larceny of the carpet which was allegedly taken on 25 August 1980. Probable cause was found on this charge and the defendant was bound over to superior court. The district attorney then took a voluntary dismissal and based on the same occurrence, the defendant was indicted for embezzlement on 6 October 1980. On 3 November 1980 a new bill of indictment was returned charging the same embezzlement in different words to correct an error in the bill returned on 6 October 1980. In addition, the defendant was indicted on 3 November 1980 for felonious larceny as to the alleged taking of the carpet on 15 August 1980.

On 17 February 1981 both cases were called for trial. The defendant made a motion to dismiss both charges for the State's

failure to comply with the Speedy Trial Act. The superior court allowed the motion as to the embezzlement charge and denied it as to the felonious larceny charge. The defendant was convicted of felonious larceny.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*L. Donald Long, Jr. for defendant appellant.*

WEBB, Judge.

The defendant assigns error to the denial of his motion to dismiss for his failure to be brought to trial within the limits prescribed by the Speedy Trial Act. We believe this assignment of error has merit. G.S. 15A-701(al) provides in part:

> "Notwithstanding the provisions of subsection (a) the trial of a defendant charged with a criminal offense who is arrested, served with criminal process, waives an indictment or is indicted, on or after October 1, 1978, and before October 1, 1983, shall begin within the time limits specified below:

> \*   \*   \*

> (3) When a charge is dismissed, other than under G.S. 15A-703, or a finding of no probable cause pursuant to G.S. 15A-612, and the defendant is afterwards charged with the same offense or an offense based on the same act or transaction or on the same series of acts or transactions connected together or constituting parts of a single scheme or plan, then within 120 days from the date that the defendant was arrested, served with criminal process, waived an indictment, or was indicted, whichever occurs last, for the original charge . . . ."

The defendant was tried for larceny on 17 February 1981 on an indictment which was returned on 3 November 1980. This was within 120 days. The resolution of this case depends on whether the period should have been measured from 6 October 1980, the date the defendant was indicted for embezzlement. Our reading of G.S. 15A-701 convinces us the time should have been calculated from the date the defendant was indicted for embezzlement. The

larceny charge, which was later changed to embezzlement, was dismissed other than under G.S. 15A-703 or a finding of no probable cause. This satisfies the first clause of G.S. 15A-701(al)(3). The defendant was then charged with embezzlement based on the same act or transaction. If the larceny charge for which the defendant was tried and the embezzlement charge were "transactions connected together or constituting parts of a single scheme or plan" the time period for trial on the larceny charge must be calculated from the date the embezzlement indictment was returned, that is from 6 October 1980. Our Supreme Court interpreted these words of the statute in *State v. Bracey*, 303 N.C. 112, 277 S.E. 2d 390 (1981). In that case the Supreme Court held that three separate common law robberies committed by the defendant over a ten day period and within a two block area were "transactions connected together or constituting parts of a single scheme or plan." Each of the robberies was committed in a way similar to the other robberies and the Supreme Court said this gave them a transactional connection. We believe that the alleged crimes in this case were committed so close in time and in such a similar way that we are bound by *Bracey* to hold that the two crimes with which the defendant was charged were "transactions connected together or constituting parts of a single scheme or plan." The 120 day period ran from 6 October 1980 and it was error not to grant the defendant's motion to dismiss under G.S. 15A-703. *See also State v. Street*, 45 N.C. App. 1, 262 S.E. 2d 365 (1980).

We note that neither party in its brief makes a point of the fact that after the defendant was indicted for embezzlement on 6 October 1980, a second indictment charging the same crime was returned on 3 November 1980. We do not believe the date for the running of the time period may be advanced by obtaining a new indictment charging the same crime.

We reverse and remand to the superior court for a hearing as to whether the charge should be dismissed with or without prejudice.

Reversed and remanded.

Judges VAUGHN and HILL concur.