STATE OF NORTH CAROLINA v. DONALD ABERNATHY FREEMAN

No. 8226SC90

(Filed 5 October 1982)

1. **Constitutional Law § 51— speedy trial—voluntary dismissal by State—subsequent indictment involving charges from same scheme or plan**

   Where defendant was indicted in Lincoln County on 20 October 1980; the State took a voluntary dismissal on 23 December 1980 because the defendant was "to be tried in Mecklenburg County on related charges"; and where after the Lincoln County indictment was dismissed and on 23 March 1981, the defendant was indicted in Mecklenburg County on the charge for which he was convicted, the State failed to comply with the Speedy Trial Act, G.S. 15A-701(a1), since the false pretense for which the defendant was charged in Lincoln County and the aiding and abetting false pretense for which the defendant was convicted in Mecklenburg County were part of the same scheme or plan.

2. **False Pretense § 1; Indictment and Warrant § 8.4— one crime violating different statutes—ability of State to elect offense to prosecute**

   Where, under the evidence, defendant could have been convicted of violating G.S. 14-106, obtaining property in return for worthless checks, G.S. 14-107, worthless checks, or G.S. 14-100, false pretense, it was not error for the State to elect to prosecute defendant under the false pretense statute since a single act or transaction may violate different statutes.

APPEAL by defendant from *Snepp, Judge.* Judgment entered 1 July 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 3 September 1982.

The defendant was tried for aiding and abetting the obtaining of property by false pretense in violation of G.S. 14-100. The State's evidence showed that on 5 November 1979 the defendant opened a bank account in the name of Budget Merchandise and Financing. The defendant deposited $75.00 in the account. The defendant asked Harry Lee Gaston to cash some of the checks at which time he told Mr. Gaston that Budget Merchandise and Financing did not exist as a company. Gaston cashed checks drawn on the account at several different places from 9 November 1979 until 30 November 1979. In each instance, the defendant made a check payable to Gaston drawn on the Budget Merchandise and Financing account. The defendant would take Gaston to a store and wait outside while Gaston cashed the check. In each instance, the defendant would take 60% of the proceeds and Gaston would retain the balance.

The defendant was indicted on 20 October 1980 in Lincoln County for false pretense based on the passing of worthless checks on 28 and 30 November 1979. The defendant was indicted on 17 November 1980 in Mecklenburg County on three counts of conspiracy with Gaston and a third person to obtain money by false pretense on 9, 12, and 15 November 1979. On 23 December 1980 the Lincoln County charges were voluntarily dismissed because the defendant was "to be tried in Mecklenburg County on related charges." Defendant was indicted on 23 March 1981 in Mecklenburg County for three counts of aiding and abetting a false pretense and for conspiracy to commit false pretense. These indictments alleged that the first three offenses occurred on 9 November 1979 and the conspiracy began on 5 November 1979 and ended on 12 February 1981. The Mecklenburg County indictments of 17 November 1980 were voluntarily dismissed on 4 May 1981.

On 21 April 1981 the defendant filed a motion to dismiss all charges on the ground the State had violated the Speedy Trial Act. This motion was denied.

The defendant was convicted of aiding and abetting the obtaining of property by false pretense. He appealed from the imposition of a prison sentence.

*Attorney General Edmisten, by Assistant Attorney General Steven F. Bryant, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Malcolm R. Hunter, Jr., for defendant appellant.*

WEBB, Judge.

[1]  The defendant first assigns error to the overruling of his motion to dismiss for the State's failure to comply with the Speedy Trial Act. We believe this assignment of error has merit. G.S. 15A-701(a1) provides in part:

"Notwithstanding the provisions of subsection (a) the trial of a defendant charged with a criminal offense who is arrested, served with criminal process, waives an indictment or is indicted, on or after October 1, 1978, and before October 1, 1983, shall begin within the time limits specified below:

\*     \*     \*

(3) When a charge is dismissed, other than under G.S. 15A-703 or a finding of no probable cause pursuant to G.S. 15A-612, and the defendant is afterwards charged with the same offense or an offense based on the same act or transaction or on the same series of acts or transactions connected together or constituting parts of a single scheme or plan, then within 120 days from the date that the defendant was arrested, served with criminal process, waived an indictment, or was indicted, whichever occurs last, for the original charge."

The defendant was indicted in Lincoln County on 20 October 1980. The State took a voluntary dismissal on 23 December 1980 because the defendant was "to be tried in Mecklenburg County on related charges." After the Lincoln County indictment was dismissed and on 23 March 1981, the defendant was indicted in Mecklenburg County on the charge for which he was convicted. We believe the false pretense for which the defendant was charged in Lincoln County and the aiding and abetting false pretense for which the defendant was convicted in Mecklenburg County were part of the same scheme or plan. *See State v. Bracey*, 303 N.C. 112, 277 S.E. 2d 390 (1981). The Lincoln County charges were not dismissed under G.S. 15A-703 or on a finding of no probable cause. The trial in Mecklenburg County was not held within 120 days of the indictment in Lincoln County which delay violated the provisions of G.S. 15A-701(a1). *See State v. Norwood*, 57 N.C. App. 584, 291 S.E. 2d 835 (1982); *State v. Walden*, 53 N.C. App. 196, 280 S.E. 2d 505 (1981); and *State v. Dunbar*, 47 N.C. App. 623, 267 S.E. 2d 577 (1980). We reverse and remand for a hearing in superior court as to whether the case should be dismissed with or without prejudice.

[2]  We shall discuss the defendant's other assignment of error as the question it raises may recur if the defendant is again brought to trial. The defendant contends it was error to deny his motion to dismiss the charge of false pretense under G.S. 14-100. He argues that under the evidence he could have been convicted of violating G.S. 14-106 (obtaining property in return for worthless check, draft or order) or G.S. 14-107 (worthless check). The defendant argues that a person may not be prosecuted under the false pretense statute when other statutes more specifically fit

the alleged activities. We disagree. A single act or transaction may violate different statutes. *See State v. Sanders,* 288 N.C. 285, 218 S.E. 2d 352 (1975) and *State v. Byrd,* 50 N.C. App. 736, 275 S.E. 2d 522 (1981). We believe the evidence in this case is sufficient for the jury to convict the defendant of violating G.S. 14-100. *See State v. Cronin,* 299 N.C. 229, 262 S.E. 2d 277 (1980) for the elements necessary to convict under G.S. 14-100. The defendant relies on *State v. Bost,* 55 N.C. App. 612, 286 S.E. 2d 632 (1982); *State v. Douglas,* 54 N.C. App. 85, 282 S.E. 2d 832 (1981); and *State v. Douglas,* 51 N.C. App. 594, 277 S.E. 2d 467 (1981), *aff'd,* 304 N.C. 713, 285 S.E. 2d 802 (1982). Each of these cases involved the question of which section of a statute covered the offense charged. In this case we hold the offense is covered by more than one section.

Reversed and remanded.

Chief Judge MORRIS and Judge WHICHARD concur.