STATE OF NORTH CAROLINA v. JAMES CURTIS ROGERS

No. 367PA96

(Filed 6 June 1997)

**False Pretenses, Cheats, and Related Offenses § 39 (NCI4th)— obtaining property by false pretenses—writing and passing a worthless check in exchange for property— sufficient**

An unpublished opinion by the Court of Appeals was reversed where that opinion vacated judgments after concluding as a matter of law that a person cannot be prosecuted on an indictment for obtaining property by false pretenses where the indictment alleges nothing more than the defendant's passing of a worthless check in exchange for property. Writing and passing a worthless check in exchange for property, standing alone, is sufficient to uphold a conviction for obtaining property under false pretenses and language in *State v. Freeman*, 308 N.C. 502, is disavowed and disapproved to the extent it may tend to indicate that an additional misrepresentation beyond the presentation of a worthless check in exchange for property is required to uphold a conviction for obtaining property by false pretenses in violation of N.C.G.S. § 14-100. In addition, *State v. Freeman*, 79 N.C. App. 177 and *State v. Hopkins*, 70 N.C. App. 530, are overruled insofar as they require proof of some additional misrepresentation beyond the presentation of a worthless check in such cases.

**Am Jur 2d, Property § 36.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of an unpublished decision of a unanimous panel of the Court of Appeals, 123 N.C. App. 359, 473 S.E.2d 696 (1996), vacating judgments entered by Cobb, J., on 6 December 1995 in Superior Court, Rowan County. Heard in the Supreme Court 19 March 1997.

*Michael F. Easley, Attorney General, by William P. Hart, Special Deputy Attorney General, for the State-appellant.*

*Thomas M. King for defendant-appellee.*

MITCHELL, Chief Justice.

Defendant, James Curtis Rogers, was found guilty by a jury of the felony of obtaining property by false pretenses and of being an habit-

ual felon. Judge Cobb sentenced defendant to a minimum term of 100 months and a maximum term of 129 months.

Evidence presented at trial tended to show that defendant paid for a motorcycle and accessories with a check written on an account in his name at the State Employees' Credit Union. The check was returned to the seller because it had been written on a closed account. Defendant admitted that he knew the account was closed at the time he wrote the check. The trial court denied defendant's motion to dismiss the false pretenses charge for insufficiency of the evidence and denied defendant's request that the crime of obtaining property in return for a worthless check be submitted as a lesser-included offense of obtaining property by false pretenses.

In an unpublished opinion, the Court of Appeals vacated the judgments against defendant after concluding as a matter of law that a person cannot be prosecuted on an indictment for obtaining property by false pretenses where the indictment alleges nothing more than the defendant's passing of a worthless check in exchange for property. Because the judgment for obtaining property by false pretenses was vacated, the Court of Appeals also vacated the habitual felon judgment. We allowed the State's petition for discretionary review on 10 October 1996.

The sole issue on appeal is whether the writing and passing of a worthless check in exchange for property, standing alone, is sufficient to uphold a conviction for obtaining property under false pretenses. We conclude that it is and reverse the decision of the Court of Appeals.

In *State v. Freeman*, 59 N.C. App. 84, 295 S.E.2d 619 (1982), *rev'd on other grounds*, 308 N.C. 502, 302 S.E.2d 779 (1983), the defendant argued that he could not be prosecuted under N.C.G.S. § 14-100 (obtaining property under false pretenses) because N.C.G.S. § 14-106 (obtaining property in return for worthless check, draft, or order) or N.C.G.S. § 14-107 (worthless check) more specifically fit his alleged activities. The Court of Appeals disagreed, holding that "[a] single act or transaction may violate different statutes." 59 N.C. App. at 87, 295 S.E.2d at 621. On discretionary review, this Court also rejected the defendant's argument that the trial court erred in denying his motion to dismiss the false pretense charge where the evidence merely showed that the defendant uttered a worthless check in violation of N.C.G.S. § 14-106 or § 14-107. *Freeman*, 308 N.C. at 511, 302 S.E.2d at 784.

STATE v. ROGERS

[346 N.C. 262 (1997)]

This Court's decision in *Freeman* has been misinterpreted by the Court of Appeals as holding that prosecution for false pretense rather than a worthless check offense is permissible only if there is an additional misrepresentation beyond the presentation of a worthless check. We expressly disavow and disapprove any language in this Court's opinion in *Freeman* to the extent it may tend to indicate that an additional misrepresentation beyond the presentation of a worthless check in exchange for property is required to uphold a conviction for obtaining property by false pretenses in violation of N.C.G.S. § 14-100. In addition, we overrule the Court of Appeals' decisions in *State v. Freeman*, 79 N.C. App. 177, 339 S.E.2d 56, *cert. denied*, 317 N.C. 338, 346 S.E.2d 144 (1986), and *State v. Hopkins*, 70 N.C. App. 530, 320 S.E.2d 409 (1984), insofar as they require proof of some additional misrepresentation beyond the presentation of a worthless check in such cases.

In the opinion below, the Court of Appeals relied upon *Hopkins* to vacate defendant's conviction of the felony of obtaining property by false pretenses. Having overruled *Hopkins*, we reverse the unpublished decision of the Court of Appeals and remand this case to that court for further remand to the Superior Court, Rowan County, for reinstatement of the judgments against defendant both for obtaining property by false pretenses and for being an habitual felon.

REVERSED AND REMANDED.