STATE OF NORTH CAROLINA v. WENDAE LYNNE CAGLE

No. COA06-69

(Filed 6 March 2007)

**1. Appeal and Error— rules violations—statement of facts**

The Court of Appeals sanctioned defense counsel for Appellate Rules violations by requiring counsel to personally pay the costs of the appeal. The statement of facts in the brief was neither full, complete, nor non-argumentative, and counsel's firm had been admonished on at least two previous occasions for similar violations.

**2. False Pretenses— worthless check—sufficiency for conviction**

Passing a worthless check to obtain property will suffice to uphold a conviction for obtaining property by false pretenses, and the trial court did not err by by denying defendant's motion to dismiss.

STATE v. CAGLE

[182 N.C. App. 71 (2007)]

**3. Appeal and Error— failure to cite controlling case—duty of candor**

The failure to cite, allude to, or distinguish a controlling case which overruled prior decisions violated counsel's duty of candor to the tribunal.

**4. Evidence— hearsay—business records exception—procedure for bad checks**

The testimony of the director of security at a mall about the mall's procedure for handling problematic checks met the requirements for the business activity exception to the hearsay rule. N.C.G.S. § 8C-1, Rule 803(6).

**5. False Pretenses— worthless checks—pecuniary loss—irrelevant**

The question of whether a mall suffered a pecuniary loss when worthless checks were used to purchase store gift certificates is irrelevant to a motion to dismiss a charge of obtaining property by false pretenses. The essence of the crime is the intentional false pretense, not the resulting economic harm to the victim.

**6. Sentencing— restitution—bad checks—suggestion by defendant**

The trial court did not err by ordering defendant to pay restitution for bad checks where defendant suggested restitution, and specifically represented that she would be able to pay restitution.

**7. Appeal and Error— preservation of issues—failure to assign error**

The issue of the amount of restitution assigned in a criminal sentencing was not preserved for appellate review where defendant did not assign error to the trial court's determination.

Appeal by defendant from judgment entered 13 April 2005 by Judge James U. Downs in Buncombe County Superior Court. Heard in the Court of Appeals 5 February 2007.

*Roy Cooper, Attorney General, by Dana F. Barksdale, Assistant Attorney General, for the State.*

*Hall & Hall Attorneys at Law, P.C., by Susan P. Hall, for respondent-appellant.*

STATE v. CAGLE

[182 N.C. App. 71 (2007)]

MARTIN, Chief Judge.

Defendant Wendae Cagle was charged in a bill of indictment with obtaining property by false pretenses. She entered a plea of not guilty, but was convicted by a jury. She appeals from the judgment entered upon conviction. We find no error in her trial.

Evidence adduced at trial tended to show that defendant purchased five gift certificates from Biltmore Square Mall ("the Mall") in Asheville between 16 September 2002 and 20 September 2002. The certificates ranged in value from $100 to $500. Defendant paid for the purchases by presenting her personal check at each transaction. At trial, several mall employees identified defendant as the presenter of the checks.

After defendant had engaged in several high-value transactions, the Mall instructed its employees not to accept any additional checks from her in payment for gift certificates. All of the defendant's prior checks were later returned unpaid because of Stop Payment orders. Defendant did not subsequently pay for the certificates.

[1] Before proceeding to the merits of this appeal, we note that defendant-appellant's brief fails to comply with the requirements of our Rules of Appellate Procedure. Rule 28(b)(5) requires that an appellant's brief contain a "full and complete statement of the facts" which "should be a non-argumentative summary of all material facts underlying the matter in controversy which are necessary to understand all questions presented for review, supported by references to pages in the transcript of proceedings, the record on appeal, or exhibits, as the case may be." N.C. R. App. P. Rule 28(b)(5) (2005). The "Statement of Facts" contained in defendant-appellant's brief states, in its entirety:

> Wendae Cagle has been wrongfully convicted based upon inadmissible hearsay evidence, and innuendo. Her conviction must be reversed based upon the most basic evidentiary rules being cast to the winds during her trial.
>
> Wendae purchased gift certificates from Biltmore Mall in Asheville in September, 2002. She wrote personal checks for the purchase of these gift certificates and was identified by the person who accepted the checks from her. Later, payment on these checks was stopped, but there was no competent evidence of this fact. The only evidence was the detective interpreting the bank markings on these checks. There was no evidence of who had

requested payment be stopped, nor was there any evidence that the Defendant had obtained anything of value from the entire transaction. To the contrary, the evidence was that if the gift certificates were purchased but not redeemed, then the victim shopping mall would not be out anything of value at all.

Because the State failed to prove essential elements of the crime charged, these charges should have been dismissed at the close of State's evidence. Because they were not, the verdict in this case should be vacated and this matter remanded for retrial.

The foregoing statement is neither full, complete, nor non-argumentative. We note that defendant-appellant's counsel's firm has been admonished on at least two previous occasions for similar violations of our appellate rules in a proceeding before this Court. *See In re B.B.*, 177 N.C. App. 462, 628 S.E.2d 867 (2006) (unpublished) (dismissing appeal for rule violations, with Judge Steelman in concurrence stating that "[t]he bombast which appellant labels as 'Statement of Facts' meets none of the stated requirements for that portion of the brief" and suggesting counsel "should be personally sanctioned"). *See also In re T.M.*, 180 N.C. 539, 542, —— S.E.2d ——, ——, (2006) (sanctioning counsel).

The Rules of Appellate Procedure are mandatory and a violation subjects the appeal to dismissal. *In re Adoption of Searle*, 74 N.C. App. 61, 62, 327 S.E.2d 315, 317 (1985). However, we conclude, as we did in *T.M. supra*, that it would be unjust to penalize defendant for the conduct of her appointed counsel. Thus, we choose to sanction defendant's counsel. Pursuant to Rules 25 and 34 of the Rules of Appellate Procedure, we direct the Clerk of this Court to enter an order providing that defendant-appellant's counsel shall personally pay the costs of this appeal.

[2] By her first assignment of error, defendant contends the trial court erred in denying her motion to dismiss made at the close of all the evidence. "When considering a motion to dismiss, the trial court must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *State v. Morgan*, 359 N.C. 131, 161, 604 S.E.2d 886, 904 (2004). "If substantial evidence exists to support each essential element of the crime charged and that defendant was the perpetrator, it is proper for the trial court to deny the motion." *Id.* "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclu-

sion.' " *State v. Earnhardt*, 307 N.C. 62, 66, 296 S.E.2d 649, 652 (1982) (quoting *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980)). "The trial court's function is to determine whether the evidence allows a *'reasonable inference'* to be drawn as to the defendant's guilt of the crimes charged." *Id.* at 67, 296 S.E.2d at 652 (quoting *State v. Thomas*, 296 N.C. 236, 244-45, 250 S.E.2d 204, 209 (1978)). Any inference should be drawn in the light most favorable to the prosecution, and "contradictions and discrepancies do not warrant dismissal of the case-they are for the jury to resolve." *Id.* at 67, 296 S.E.2d at 653.

To survive a defendant's motion to dismiss for insufficient evidence, the State must offer substantial evidence of every element of the crime. *State v. Bethea*, 156 N.C. App. 167, 170-71, 575 S.E.2d 831, 834 (2003). The crime of obtaining property by false pretenses consists of the following elements: " '(1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another.' " *State v. Parker*, 354 N.C. 268, 284, 553 S.E.2d 885, 897 (2001) (quoting *State v. Cronin*, 299 N.C. 229, 242, 262 S.E.2d 277, 286 (1980)); *see also* N.C. Gen. Stat. § 14-100 (2003).

Defendant argues that merely writing a check that was subsequently dishonored, does not meet the elements of the offense. However, our Supreme Court has explicitly stated that passing a worthless check in order to obtain property will suffice to uphold a conviction for obtaining property by false pretenses. *State v. Rogers*, 346 N.C. 262, 264, 485 S.E.2d 619, 621 (1997). The *Rogers* holding is controlling here. Defendant obtained property by writing worthless checks. Therefore, this assignment of error is totally devoid of merit and is overruled.

[3] In passing, we note that defense counsel did not cite, allude to, or attempt to distinguish *Rogers, supra*. Our Supreme Court explicitly stated that in *Rogers* it had overruled its own prior decisions and the decisions of this Court "insofar as they require proof of some additional misrepresentation beyond the presentation of a worthless check in such cases." *Id.* at 264, 485 S.E.2d at 621. Virtually all the authority defense counsel cites predates *Rogers*. In addition, failure to discuss *Rogers* violates counsel's duty of candor to this tribunal. *See* North Carolina Revised Rules of Professional Conduct Rule 3.3(a)(2) ("A lawyer shall not fail to disclose to the tribunal legal

authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.").

[4] Defendant's second assignment of error contends the trial court erred in allowing into evidence the checks she had written to the Mall despite her hearsay objections. We cannot agree. North Carolina Rule of Evidence 803(6) provides that:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . .
>
> Records of Regularly Conducted Activity.-A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

N.C. Gen. Stat. § 8C-1, Rule 803(6) (2005). In this case, Ms. Satterfield, the Director of Security at the Biltmore Mall at the time of the underlying events, was specifically instructed by the trial court to "[c]larify what the custom and practice is for bad checks to come back." During both her direct and cross-examination, she explained the procedures and processes for handling problematic checks. Defendant contends Ms. Satterfield should not have been able to testify as to the nature of the problematic checks since she did not witness their processing at the bank. However, a review of the transcript makes it clear that Ms. Satterfield testified with respect to the Mall's handling of the checks, not the bank's processing of the same. As Chief of Security for ten years, she had clear first hand knowledge of the Mall's procedures for handling problematic checks. If the problem stemmed from issues with the Mall's handling of the checks, she was available for cross-examination. Consequently, her testimony met the criteria contemplated by N.C.G.S. § 8C-1, Rule 803(6). This assignment of error is overruled.

[5] Defendant's third assignment of error is that the trial court erred in not dismissing the case at the close of the State's evidence in the

absence of any evidence that the merchant victim was "actually monetarily defrauded." After careful consideration of this argument, we find it virtually indistinguishable from the defendant's first assignment of error. The thrust of the defendant's contention is that

> The evidence, taken in a light most favorable to the State at trial, shows that there was no evidence the gift certificates were ever redeemed and that unless they were redeemed, the shopping mall was not out any monies.

After a careful review of the record, we do not share defendant's characterization of the evidence. Though there was some confused testimony about the monetary loss suffered from the purchase of gift certificates, there was certainly evidence offered that the Mall would have suffered a loss regardless of whether or not the certificates were redeemed:

> Q: If someone had gift certificates and they weren't redeemed, the mall or no store would be out anything would they?

> A: Actually, yes, they would, because the stores pay to accept the gift certificates. . . .

Furthermore, the extent and indeed the existence of pecuniary loss is tangential to the underlying crime.

We have previously held that "North Carolina appears to align itself with the majority position . . . that a showing of actual pecuniary loss by the victim/prosecuting witness is not necessary to sustain a conviction for obtaining property through false pretenses." *State v. Hines*, 36 N.C. App. 33, 41, 243 S.E.2d 782, 787 (1978). "[T]he essence of the crime is the intentional false pretense, not the resulting economic harm to the victim." *Id.* at 42, 243 S.E.2d at 787. Therefore, the question of whether the Mall suffered a pecuniary loss above the certificates themselves is irrelevant to a motion to dismiss on a charge of obtaining property by false pretenses. This assignment has no merit and is overruled.

[6] Next, defendant argues that the trial court erred in ordering her to pay restitution, since there was no evidence that the Mall was directly and proximately monetarily injured. We note first that restitution was suggested by defendant's trial counsel. Our Supreme Court has held that a party is estopped from challenging an error it induced in the trial court. *Frugard v. Pritchard*, 338 N.C. 508, 512, 450 S.E.2d 744, 746 (1994). ("A party may not complain of action which he

induced."). Having suggested it at the trial court level, defendant may not challenge the order of restitution.

We further note that there was mixed evidence as to whether or not the Mall was capable of stopping the gift certificate from being redeemed. This Court does not function as an appellate fact-finder. *Rose v. City of Rocky Mount*, 180 N.C. App. 392, 399, 637 S.E.2d 251, 256 (2006). In the event of conflicting evidence, the determination of the trial court will not be disturbed. *Deer Corp. v. Carter*, 177 N.C. App. 314, 324-25, 629 S.E.2d 159, 167 (2006). Therefore, this argument is rejected.

Finally, defendant contends the trial court erred in setting the restitution level in excess of what the defendant could be expected to be able to pay. The relevant statutory provisions state that:

> In determining the amount of restitution to be made, the court shall take into consideration the resources of the defendant including all real and personal property owned by the defendant and the income derived from the property, the defendant's ability to earn, the defendant's obligation to support dependents, and any other matters that pertain to the defendant's ability to make restitution, *but the court is not required to make findings of fact or conclusions of law on these matters*. The amount of restitution must be limited to that supported by the record, and the court may order partial restitution when it appears that the damage or loss caused by the offense is greater than that which the defendant is able to pay. If the court orders partial restitution, the court shall state on the record the reasons for such an order.

N.C. Gen. Stat. § 15A-1340.36 (2005) (emphasis added). The defendant's argument is premised on the fact that "the record is devoid of any indication that the court took any of these [statutory] factors into account." However, the statute itself specifically states "the court is not required to make findings of fact or conclusions of law on these matters." *Id.*; *see also State v. Riley*, 167 N.C. App. 346, 348, 605 S.E.2d 212, 214 (2004). Moreover, the transcript indicates that defendant's counsel told the trial court that

> She [Defendant] would like the opportunity to be on probation to pay the restitution, Your Honor, to the State. I think that *she would be able to do that* over some period of time, which gives the State some means of supervising her ensuring she has paid the restitution to the victim.

**IN RE J.S.**

[182 N.C. App. 79 (2007)]

(Emphasis added). The above exchange from the transcript shows that the ability to pay was not only before the trial court, but that defendant's counsel at trial court specifically represented that she would be able to pay restitution. Since the entire transcript was incorporated into the record pursuant to Rule 9(c)(2) of our Rules of Appellate Procedure, defendant's counsel's assertion that "the record is devoid of any indication that the court took any of these factors into account" reflects either a wilful misstatement to this Court, or a lack of diligence in reviewing the record prior to submission of the brief.

[7] Within this assignment, defendant attempts to take issue with the amount of restitution, alleging that there was no evidence to support the amount ordered. However, by her failure to assign error to the trial court's determination, defendant has not appropriately preserved the issue for appellate review. *State v. Howell*, 169 N.C. App. 741, 748, 611 S.E.2d 200, 205 (2005); *see also* N.C.R. App. P. 10(a) ("[T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal. . . ."). We are, therefore, precluded from reviewing this issue. *See Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) (holding that mismatch between assignments of error and substance of argument on appeal requires dismissal).

No error.

Judges HUNTER and STROUD concur.